## Bramberry's Estate. Bramberry's Appeal.

[Marked to be reported.]

*Husband and wife—Tenancy by entireties.*

A tenancy by entireties arises whenever an estate vests in two persons, who are, at the time when the estate vests, husband and wife. It may exist in personal as well as real property, in choses in action as well as in choses in possession.

*Conveyance to husband and wife.*

Words which in a conveyance to unmarried persons constitute a joint tenancy, will create, if the grantees are husband and wife, a tenancy by entireties.

*Survivorship—Joint tenancy—Act of March 31, 1812.*

The tenancy established by a conveyance to husband and wife is not destroyed or affected by the act of March 31, 1812, P. L., Pur. Dig. 939, or 5 Sm. 395, which abolished survivorship among joint tenants.

*Husband and wife—Legal unity—Act of June 3, 1887.*

The Married Persons Property Act of June 3, 1887, P. L. 332, did not destroy the legal unity of husband and wife at common law so as to affect an estate by entireties.

*Husband and wife—Estate by entireties—Mortgage.*

A conveyance of land to husband and wife in consummation of their joint purchase of it during coverture vests in them an estate by entireties, and when on a sale of the land so held they take in their joint names a mortgage for the purchase money, the presumption is that they intend to hold the mortgage as they did the land.

Land was conveyed to a husband and wife, the wife paying one half of the purchase money out of her separate estate, the husband paying the other half. The grantees held the land for twenty-five years, when they sold it and took from their vendee his bond and mortgage to secure to them a portion of the purchase money. Ten days after this sale was consummated by a conveyance, the wife died. *Held,* that the husband was entitled to the whole mortgage.

Argued Feb. 7, 1893. Appeal, No. 176, July T., 1892, by H. James Bramberry, from decree of O. C. Chester Co., distributing estate of Rachel A. Bramberry, deceased. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Exceptions to auditor's report on exceptions to administrator's account, and on distribution.

The account filed by appellant, husband of decedent, was re-

ferred to William T. Fulton, Esq., as auditor, who found the facts as stated in the opinion of the Supreme Court. The auditor surcharged accountant with one half of a mortgage given jointly to himself and his wife, the decedent, and distributed the same to her heirs. Exceptions to the auditor's report by accountant were dismissed by the court, WADDELL, P. J.

*Errors assigned* were dismissal of exceptions, quoting them.

*Geo. B. Johnson*, for appellant.—Husband and wife both hold real and personal estate which is in their joint names by entireties and not by moieties ; and therefore, by right of survivorship, upon the death of either, the survivor takes the whole : 2 Bl. Com. 182 ; 2 Kent, * 132 ; Stuckey v. Keefe, 26 Pa. 401 ; Gillan v. Dixon, 65 Pa. 395 ; Slaymaker v. Bank, 10 Pa. 373 ; Donnelly's Est., 7 Pa. C. C. R. 198.

Where it clearly appears to the Supreme Court that an auditor has not only found facts against the weight of the evidence, but has disregarded the evidence, and thereby reached an unjust result, his findings of fact and law, though confirmed by the court below, will be reversed : Miller's Ap., 102 Pa. 544.

The principle of tenancy by entireties in real estate and the right of survivorship between persons jointly possessed of any chattel interest, created by the common law ( 2 Bl. Com. page 182–3, 399), has always been recognized and applied, as an established rule of construction, to all grants of real estate or personal property, or titles to choses in action, vested in a husband or wife during coverture, in Pennsylvania. No distinction seems to be made in this respect between personalty and realty : Lodge v. Hamilton, 2 S. & R. 493 ; Slaymaker v. Bank, 10 Pa. 373 ; Frankenfield v. Gruver, 7 Pa. 448 ; Robb v. Beaver, 8 W. & S. 107 ; French v. Mehan, 56 Pa. 286 ; Hamm v. Meisenhelter, 9 Watts, 349 ; Wintercast v. Smith, 4 Rawle, 177 ; Fink v. Hake, 6 Watts, 132 ; Fleek v. Zillhaver, 117 Pa. 213.

A bond or judgment to husband or wife, or any other chose in action survives to husband and wife : Gibson v. Todd, 1 Rawle, 452 ; Carey's Est., 1 Ches. Co. R. 99 ; Gillan v. Dixon, 65 Pa. 395 ; Diver v. Diver, 56 Pa. 107 ; Holcomb v. People's Saving Bank, 92 Pa. 338 ; Doe v. Parratt, 5 T. R. 652 ; McCurdy v. Canning, 14 T. R. 40.

The doctrine of the right of survivorship as to personalty held jointly by husband and wife, has been recognized in every reported case on the subject in this state since the act of June 3, 1887, as well as before : Homberger·to use v. Whitely, 1 Dist. R. 809.

Statutes similar to ours of June 3, 1887, have received the same construction in Arkansas: Robinson v. Eagle, 29 Ark. 202; in Mississippi: McDuff v. Beauchamp, 50 Miss. 331; Hemingway v. Scales, 42 Miss. 1; in Missouri: Garner v. Jones, 52 Mo. 68; Hall v. Stephens, 65 Mo. 670; in Indiana: Abshire v. State, 53 Ind. 64; Anderson v. Tannehill, 42 Ind. 141; Hulett v. Inlow, 57 Ind. 412; Carver v. Smith, 90 Ind. 222; in New Jersey : Buttlar v. Rosenblath; 8 Cent. R. 353; and in New York: Bertles v. Nunan, 92 N. Y. 152.

The seisin of the entirety by each and the right of survivorship of the husband, could not be divested by a subsequent statute, as those rights vested by virtue of the grant, and not of mere succession : Zorntlein v. Bram (N. Y.), 1 Cent. R. 66 ; Harrer v. Wallner, 80 Ill. 197 ; Stuckey v. Keefe, 26 Pa. 397 ; Martin v. Jackson, 27 Pa. 504 ; Lefever v. Witmer, 10 Pa. 505 ; Mann's Ap., 50 Pa. 375 ; Stehman v. Huber, 21 Pa. 260 ; Bachman v. Chrisman, 23 Pa. 162 ; Peck v. Ward, 18 Pa. 506.

The act of 1887 can abolish neither estate where, as in this case, rights of property vested before its passage, and it attempts to do neither as to subsequent estates. Its language is permissive, not imperative, and there is nothing in the statute which seems intended to do away with any rules of construction applicable as such to common law conveyances of realty or personalty : Slaymaker v. Bank 10 Pa. 373 ; Hecht's Est., 9 Pa. C. C. R. 464 ; Weir's Est., 13 W. N. 518 ; McConnell v. Lindsay, 131 Pa. 476 ; Rank v. Rank, 120 Pa. 191 ; Trimble v. Reis, 37 Pa. 448.

*Thomas W. Pierce, E. D Bingham* with him, for appellees.— While the estate in the land, created by the conveyances of Seal and wife was an estate in entireties, the voluntary conversion of it into personalty by Bramberry and wife, would make manifest their intention of resuming their respective rights in the proceeds, which would belong to them separately in proportion to the amounts contributed by each to the purchase.

The purpose of the mortgage was to secure the conversion of the wife's land into money, and it was no part of the transaction that the wife should give any of her property to her husband. That would require a distinct transaction, of which there is no evidence : Trimble v. Reis, 37 Pa. 448 ; McKinney v. Hamilton, 51 Pa. 63 ; Dexter v. Billings, 110 Pa. 135 ; Holcomb v. People's Saving Bank, 92 Pa. 338.

This case is easily distinguishable from those cited by the appellant in support of his contention. They are all decisions upon the kind of interest and estate taken by husband and wife in deeds conveying land, in devises, and where, by operation of the intestate laws, property rights passing to them are expressly given to them jointly, or where no property of the wife is involved, and the intent to create a joint interest in the husband and wife, with the right of survivorship, is found upon an interpretation of the instrument of gift or grant. This case is the loan of money by husband and wife and is controlled by the property-right of the wife in the debt, and not by the form of the instrument taken to secure it.

OPINION BY MR. JUSTICE McCOLLUM, October 2, 1893 :

Assuming that the auditor's findings or deductions of fact were warranted by the evidence before him, we have a purchase by and a conveyance to husband and wife of seventeen acres of land, a payment by the wife from her separate estate of one half the purchase money and a payment by the husband of the other half of it. The grantees held the land so purchased and conveyed twenty-five years, when they sold it and took from their vendee his bond and mortgage to secure to them a portion of the purchase money. Ten days after this sale was consummated by a conveyance the wife died, and the question now presented for our determination is whether one half the sum so secured belongs to her estate, or her husband, as survivor, is the owner of the whole of it. The learned auditor's view approved by the learned court below was that inasmuch as the wife's money was blended with the husband's in the purchase of the land, one half the proceeds arising from the sale of it belonged to her estate, although the obligation for such proceeds, like the conveyance of the land, was made to the husband and wife. It was also thought by the learned auditor

that tenancy by entireties was abolished by the act of June 3, 1887, relating to the property of married women and their control of it.

A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession : Freeman on Cotenancy and Partition, secs. 63 and 68 ; Gillan v. Dixon, 65 Pa. 395. The common law rule is that the words which in a conveyance to unmarried persons constitute a joint tenancy, will create, if the grantees are husband and wife, a tenancy by entireties. The tenancy established by a conveyance to husband and wife is not destroyed or affected by the act of March 31, 1812, which abolished survivorship among joint tenants, nor does the rule referred to yield to an express provision in the deed that the grantees shall hold the estate granted as tenants in common : Stuckey v. Keefe's Executors, 26 Pa. 397. It has been contended, and in some jurisdictions held, that the legislation which secures to the wife the enjoyment of her separate estate is destructive of the legal unity of husband and wife on which tenancies by entireties depend. But the better view is that such tenancies are not destroyed or impaired by it : Am. & Eng. Ency. of Law, vol. 9, page 851, and cases cited. In Diver v. Diver, 56 Pa. 106, it was expressly decided that the act of April 11, 1848, did not in any manner affect the creation and enjoyment of estates by entireties, and STRONG, J., in delivering the opinion of the court said : " To hold it as operating upon the deed conveying land to a wife, making such deed assure a different estate from what it would have assured without the act, is to lose sight of the legislative purpose. Were we to do so it would become in many cases a means of divesting her of her property instead of an instrument of protection. In the present case if it has converted the estate granted to Diver and his wife into a tenancy in common, it has taken from her her ownership and enjoyment of the entirety during her husband's life and her right of survivorship to the whole. We hold then that no such effect is to be given to the act of 1848 or any of its cognate acts. The legal unity of husband and wife still remains and consequently Mrs. Diver on the death of her husband succeeded to the whole estate granted by

the deed." We think this language in reference to the act of 1848 and tenancy by entirety, is applicable to the act of June 3, 1887, and the case under consideration. The act of 1887, like the act of 1848, was " intended to protect the property of the wife from the dominion or control of the husband, but not to change the nature of her estate or to destroy the legal unity of person which characterizes their relations to each other:" Gillan's Executors v. Dixon, supra. Prima facie the conveyance of the land in 1865 to H. James Bramberry and Rachel A. Bramberry, they being at the time husband and wife, vested in them an estate by entireties and when on the sale of the land in 1890 they accepted from their vendee his bond and mortgage to secure to them a portion of the purchase money, they held the sum so secured not as joint tenants or tenants in common but as tenants by the entirety : Freeman on Cotenancy and Partition, sec. 68, and cases cited. If either had died before the land was sold the survivor would have held it against any claim of the heirs or creditors of the decedent, and no valid reason appears for applying a different rule to the chose in action taken by them in their joint names for a portion of the purchase money. There is certainly nothing on the record to indicate that the parties intended a division of this sum between them, or to repel the presumption arising from the form of the obligations given to secure it. These obligations conform to the ownership established by the conveyance and we may fairly conclude from them, in the absence of evidence to the contrary, that it was the purpose of the vendors to hold the purchase money as they held the land.

We cannot say that the auditor erred in finding that the husband and wife were joint purchasers of the land and that the wife paid from her separate estate one half the sum or price they gave for it. This finding was based on the declarations of the surviving husband and in a contest between him and the heirs of the wife he ought not to complain that what he said about the purchase was accepted by the auditor as true. The facts so found did not change the character or qualities of the estate granted; they merely showed that the husband and wife were jointly entitled to the land which was conveyed to them. If, as in Trimble v. Reis, 37 Pa. 448, and Dexter v. Billings, 110 Pa. 135, the wife alone was entitled to the land, or, as in Mc

Kinney v. Hamilton, 51 Pa. 63, the mortgage was for purchase money due on a sale by the wife of land she inherited from her father, a different question would be presented. But a conveyance of land to husband and wife in consummation of their joint purchase of it during coverture vests in them an estate by entireties, and when on a sale of the land so held they take in their joint names an obligation for the purchase money the presumption is that they intend to hold the latter as they did the former. It follows from these views that the appellant, as survivor, is the owner of the fund secured by the bond and mortgage, and that it was error to surcharge him as administrator with one half thereof and to award the same to the heirs of the decedent.

Decree reversed at the cost of the appellees, and it is ordered that the record be remitted to the court below, with instructions to enter a decree in accordance with this opinion.