## Klenke's Estate (No. 1).

*Husband and wife—Gift—Wife's earnings—Bank account.*

Where a husband permits some of his own money and his wife's earnings to be deposited in bank in his wife's name, and never afterwards claims the money, and the wife subsequently makes additional deposits, the presumption is that the husband intended the original deposit as a gift to her.

*Husband and wife—Bank deposit—Estate by entireties—Survivorship.*

Where a husband and wife have a deposit in bank in their joint names they hold by entireties and not by moieties, and upon the death of either the survivor takes the whole.

Where a husband permits deposits to be made in bank in his wife's name under such circumstances as to raise the presumption of a gift to her, or deposits moneys in the joint name of himself and wife, so as to create an estate by entireties, the fact that he leaves a will containing a large money legacy without leaving an estate to pay it, will not defeat the right of the wife to all of the moneys deposited.

Argued Nov. 2, 1904. Appeal, No. 195, Oct. T., 1904, by Mary Merritt, from decree of O. C. Allegheny Co., June T., 1904, No. 135, dismissing exceptions to adjudication in estate of Henry Klenke, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Henry Klenke died on October 8, 1902, leaving a will by which he gave to Henry Clatty $1,500. He specifically devised certain stock of corporations, but there was no money to pay the legacy to Clatty. At the time of decedent's death there was deposited in the Dollar Savings Bank $500 in the name of decedent's wife, Catherine Klenke.

There was also a balance in the names of Kate or Henry Klenke in the First National Bank of Birmingham of $725, which was paid after decedent's death to the widow ; in the German Savings & Deposit Bank, in the names of Henry and Kate Klenke, $1,890.25, and in the Iron & Glass Dollar Savings Bank, in the names of Henry and Catherine Klenke, $2,600. At the time the account was opened they signed the following agreement :

" The undersigned, who have made deposits in their joint

names in the Iron & Glass Dollar Savings Bank, hereby direct the bank to honor and pay all checks and deposits that we or either of us may draw upon the bank during the continuance of said account; and also authorize the bank to pay out to both or either of us any and all moneys to our joint credit upon both or either of us receipting for the same in our joint or individual names. This authority to continue to the survivor in case of the death of either."

OVER, J., filed the following opinion:

Mrs. Klenke had no separate estate when she married the decedent, nor did she acquire any after her marriage, and although a part of the money deposited in the banks was no doubt the result of her labor jointly with her husband, yet as he was entitled to her earnings all the money deposited was his. If, then, the decedent did not intend to make a gift of the money deposited in the name of his wife in the Dollar Savings Bank to her, she must account for it as assets of the estate. His first intention was to have it deposited in his own name, but he knew that this was not done, made no objections and thereby ratified and assented to the act of his agent in making the deposit in Mrs. Klenke's name, and as he never asserted any rights to this money and she subsequently made additional deposits, the presumption is that he intended it as a gift to her.

As to the deposit in the German Savings & Deposit Bank in the names of Henry and Kate Klenke, it seems under the authorities that they held it by entirety, and that upon the death of her husband Mrs. Klenke took the whole fund. In Donnelly's Estate, 7 Pa. C. C. Rep. 196, it was held that, "Where a husband and wife made a deposit in a savings fund in their joint names they hold by entireties and not by moieties, and upon the death of either the survivor takes the whole." In Parry's Estate, 188 Pa. 33, where a letter of credit was purchased by the husband with his own money, made payable to himself and his wife, and intended to be used in a journey abroad, and the husband died before the letter was exhausted, it was held that the wife was entitled by survivorship to the balance, $12,825.34, due upon it. A tenancy by entireties arises whenever an estate vests in two persons who are at the time when the estate vests husband and wife; it may

exist in personalty as well as real property, in choses in actions as well as choses in possession : Bramberry's Estate, 156 Pa. 628. A deposit in the names of husband and wife by reason of their unity goes to the survivor : 2 Morse on Banking, sec. 604 (b).

It is suggested, however, that as the deposits in the First National Bank of Birmingham and the Iron & Glass Dollar Savings Bank are in the names of Henry or Catherine Klenke, they are not held as entireties. We think, however, the legal effect is the same, as the deposits are both joint and several, in favor of both as well as of each separately. There can be no question that either could check on the account in the lifetime of both, and the right of the survivor would not be defeated by the death of the other. And as the agreement signed by the parties when the deposit was made in the Iron & Glass Dollar Savings Bank expressly authorized the survivor to withdraw the deposit, there can be no question as to Mrs. Klenke's title to that deposit. There is not sufficient cash to pay Henry Clatty his legacy of $1,500, and as the testator no doubt thought there would be when he made his will in 1897, it is argued this shows he did not intend that his wife should take the money deposited in their joint names. But even if this were his intention then, it could not change the legal effect of what had been previously done.

It is argued by exceptant that the deposits were made in the manner they were as a matter of convenience, because the decedent seldom came to the city after his stroke of paralysis in 1893, and that his wife merely acted as his agent in the matter; but the force of this argument is much weakened by the fact that accounts in the German Savings & Deposit Bank and the First National Bank of Birmingham were opened in their joint names long prior to his incapacity; in the former in 1879, and in the latter in 1887. It is true the account in the Iron & Glass Dollar Savings Bank was opened in 1893, but as to that deposit the written agreement signed by the decedent fixes their rights.

As we think the title to this deposit is in Mrs. Klenke, the exceptions must be dismissed.

*Error assigned* was the decree of the court.

*Noah W. Shafer*, with him *A. W. Duff*, for appellant.

*William E. Minor*, with him *Jesse H. Wise*, for appellee.

PER CURIAM, January 30, 1905:

This judgment is affirmed on that portion of the opinion of the auditing judge below, which relates to the appellant's claim.

---

# Klenke's Estate (No. 2).

*Will—Legacy—Specific legacy—Widow's election.*

Testator after providing for his wife gave to his stepson eighty shares of a water company's stock after the death of the widow, and a legacy of $1,500. He gave to his daughter his stock in a fire insurance company and after the death of the widow all his other stocks in which he had given his wife a life interest, except the eighty shares already given to the son. He left no estate to pay the money legacy. The widow elected to take against the will. *Held* (1), that the bequest of the fire insurance stock to the daughter and the water company's stock to the stepson were specific legacies accelerated in possession by the widow's election; (2) that as the water company's stock was reduced one third by reason of the widow's election, the interest of the stepson and the daughter in the remaining two thirds must abate together in proportion to their original holdings.

Argued Nov. 2, 1904. Appeal, No. 196, Oct. T., 1904, by Henry Clatty, from decree of O. C. Allegheny Co., June T., 1904, No. 135, dismissing exceptions to adjudication in estate of Henry Klenke, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the material portions of the testator's will were as follows:

"I also give to my wife the interests, or dividends on my stock in the Monongahela Water Company, German Fire Insurance Company of Pittsburg, and German National Bank of Pittsburg, and the interest on one thousand dollars, with the privilege to draw any part of the principal if necessary. But should my wife marry again, then she shall only receive what the law gives her as my widow.