## Sloan's Estate.

*Husband and wife—Tenancy by entireties—Personal property—Joint bank deposits—Decedents' estates—Error in executor's account—Confirmation—Court's power to correct—Practice, O. C.*

1. The rule that the title to property held jointly by a husband and wife vests in the survivor, applies to personal as well as real property.

2. Where deposits are made in bank by a husband, payable to himself or wife, or to himself and wife, the account is held by entireties and the legal ownership thereof vests in the survivor.

3. The Orphans' Court possesses the inherent, discretionary

power, independent of the Act of October 13, 1840 (1841), P. L. 1, to correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes.

4. Certain funds were deposited in bank by a husband to the order of himself or wife and certificates of deposit were issued. The husband died, having appointed his wife and another person executors of his estate. In the account of the executors of the husband's estate, the deposits were included as an asset without objection on the part of the widow; the widow had signed the account but it had been prepared by her coexecutor; she was aged and infirm and had possession of the deposit certificates, which she treated as her own. Upon petition of the executor of the wife's estate, the Orphans' Court struck from the account of the executors of the husband's estate the amount of the joint deposit. *Held*, no error.

Argued May 8, 1916. Appeals, Nos. 351 and 352, Jan. T., 1916, by Thomas Sloan and Andrew Sloan, from Decree of O. C. Fayette Co., March T., 1914, No. 18, granting review of account of the executors of William Sloan, deceased. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING. Affirmed.

Petition for review of account of executors of William Sloan, deceased. Before WORK, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court granted the relief prayed for by striking out the item of $4,999.33 from the executors' account. Thomas Sloan and Andrew Sloan appealed.

*Error assigned*, among others, was the order of the court.

*E. C. Higbee*, of *Sterling, Higbee & Matthews*, with him *C. W. Rush*, for appellant.

*Henry A. Jones*, with him *E. D. Brown*, for appellee.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

William Sloan, late of Fayette County, died testate

in June, 1912. During the preceding year he had made eleven separate deposits of money in the Citizens' National Bank of Connellsville, Pa., taking in each case a certificate of deposit, some of which were made "payable to the order of himself or wife" and the balance "payable to the order of William Sloan or wife"; which certificates, amounting in all to $5,319.33, were so held at his death. His widow and John Risdon were appointed and qualified as executors. She was sixty-seven years old and in poor health, in fact she was qualified as such executor at her residence, and Mr. Risden took active charge of the settlement of the estate. An inventory was made in which she appears to have taken no part, and wherein ten of said certificates, amounting to $4,999.33, were inventoried as "Cash in Bank (Cit. Nat. Connellsville) $4,999.33."

She removed to Allegheny County in the fall of 1912, and the first account of the executors, the one here in question, was filed January 16, 1914. To it appear the signatures of both executors; however, it is sworn to only by Risdon. What if any part she took in preparing the account does not appear. In it the executors are charged with the amount of the inventory, to wit: $56,071.33, which includes said item of Cash in Bank $4,999.33. The eleventh certificate of deposit above mentioned, for $320, was collected by Mrs. Sloan as her own and not included in the inventory. She retained possession of the other ten certificates, had them reissued in one certificate to herself individually and disposed of the same as a bequest in her last will. And aside from the account, and what inference might be drawn from the inventory, there is nothing to indicate that she ever regarded any of those certificates as belonging to her husband's estate.

Mrs. Sloan did not appear at the audit of said account, and in due course it was confirmed. She died testate February 20, 1915. Both Mr. and Mrs. Sloan died without issue. She never elected to take against his will,

although it gave her less than she would have received under the intestate laws. However, it gave her the life use of his estate.

Shortly after her death the executor of her estate filed his petition in the Orphans' Court, in this case for a review of said account, averring inter alia that said certificates were held by Mr. and Mrs. Sloan by entireties and that the title thereto vested in her by right of survivorship, and that inadvertently and under a misapprehension they had been included as a part of his estate. The court so found and granted the relief prayed for by striking the said item of $4,999.33 from said account. Actual distribution had not been made. ·

The rule that the title to property held jointly by husband and wife vests in the survivor applies to personal as well as to real property: Bramberry's Est., 156 Pa. 628; Parry's Est., 188 Pa. 33; Klenke's Est. (No. 1), 210 Pa. 572.

It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case it is held by entireties: Klenkes' Est. (No. 1), supra.

The legal ownership of the eleven certificates vested in Mrs. Sloan on the death of her husband, and from all the circumstances we are of the opinion that it was so regarded by her. If so the embracing of said item of $4,999.33 in the inventory and account as property of the husband's estate was at least on her part an entire mistake. It probably resulted from her ill health and the fact that her coexecutor had active charge of the settlement of the estate.

The presumption that she deemed it property of the estate because embraced in the account is rebutted by the facts, that she collected one of the certificates for her personal use, that she retained possession of the other certificates and had them reissued to her personally in one certificate, which she disposed of in her will, and that so far as appears she had no motive for divesting

herself of the certificates. Considering her age and health and all the circumstances, inferences should not be too rigidly drawn against her because of what appears in said inventory and account, especially as Risdon was the active executor. The conclusion is justifiable that a mistake was made, which did her estate grave injustice; and which the court below, after hearing, properly corrected. This wrongs no one and is within the equitable power of the Orphans' Court. Such court in its discretion may correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes or blunders. This power is inherent in the court independently of the Act of October 13, 1840 (1841), P. L. 1: Nimick's Est., 179 Pa. 591; Young's App., 99 Pa. 74; Milne's App., 99 Pa. 483; Gillen's App., 8 W. N. C. 499; Ehrhart's Est., 31 Pa. Superior Ct. 120 (124); Kinter's App., 62 Pa. 318; George's App., 12 Pa. 260.

In Mitcheson's Est., 11 W. N. C. 240, Judge PENROSE says, "If the facts as set forth in the petition are true, we have no doubt as to our power to grant a review, irrespective of the Act of October 13, 1840; and where no rights have changed in consequence of the decree this power of correction will be liberally exercised, notwithstanding the fact that error does not appear on the face of the record, or that new matter is not averred or shown."

The act limits the time in which a petition for review of account must be presented, and makes such review a matter of right in certain cases, but does not divest the court of the discretionary power of correcting its records in a proper case, so as to prevent manifest injustice.

The court below found that this case came within said act, as being an error of law apparent on the face of the record. We do not deem it necessary to pass upon that question as we believe the court had jurisdiction aside from the act.

The assignments of error are overruled and the decree is affirmed.