# Donnelly's Estate.

*Decedents' estates—Ownership of personal property — Widow — Review—Executors and administrators—Gifts—Evidence—Estoppel.*

Where a widow claims household goods and paintings as her own property at the time of the inventory of her husband's estate, but they are included in the inventory without her knowledge, and the executor's account is audited and decree of distribution made, the household goods and paintings remaining in the widow's possession, the widow is entitled, eleven years after the death of her husband, to a bill of review, and, on such review, if the evidence is sufficient to show that the goods were gifts to the claimant from the husband, she will be entitled to have them awarded to her. In such case the widow is not estopped.

Argued October 13, 1921. Appeals, Nos. 126, 127 and 128, Oct. T., 1921, by First National Bank of Pittsburgh, from decrees of O. C. Allegheny Co., Feb. T., 1908, No. 112, April T., 1909, No. 188, and June T., 1913, No. 129, dismissing exceptions to adjudication on bill of review, in estate of Charles Donnelly, deceased. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill of review. Before TRIMBLE, J.
The opinion of the Supreme Court states the facts.
The court dismissed exceptions to the adjudication.
The First National Bank of Pittsburgh appealed.

*Error assigned,* inter alia, decree, quoting it.

*Charles Alvin Jones,* with him *James R. Sterrett,* of *Sterrett & Acheson,* for appellant.

*D. C. Jennings,* with him *Thomas Stephen Brown,* for appellee.

PER CURIAM, January 3, 1922:
Charles Donnelly died testate, December 5, 1906, naming his wife, Alice R. Donnelly, his daughter, Bessie C. Donnelly and Frank F. Nicola, his business associate, as executors and trustees. Letters testamentary were granted to the persons named and they continued to administer the estate until December 11, 1907, when they resigned and the Commonwealth Trust Company of Pittsburgh was appointed administrator d. b. n. c. t. a. On January 3, 1908, two of the executors, Bessie C. Donnelly and Frank Nicola, filed an inventory and appraisement, which included paintings appraised at $107,186.25 and household furniture at $9,197. On the same day the executrix and executor who filed the inventory also made a first and final account in which they charged themselves with "Paintings as per inventory filed $107,-

186.25." Mrs. Donnelly did not file a separate account nor did she except to the one filed. The account was audited, a decree of distribution made, and, on dismissal of exceptions to the decree, an appeal was taken to this court which sustained the court below. Donnelly's Est., 246 Pa. 308. In that case the question of the ownership of the paintings and household furniture was not involved. On March 5, 1909, the administrator d. b. n. c. t. a. filed its first and partial account, in which it charged itself with the paintings and household furniture above referred to. Second and third partial accounts were filed later. In the last of these it was stated the paintings had been loaned to the Carnegie Art Gallery by Mrs. Donnelly and subsequently withdrawn from that institution by her and were at the time in her possession, she claiming them as her personal property and refusing to turn them over to the administrator. On November 3, 1919, a decree was made by the orphans' court directing her to forthwith deliver the paintings in dispute to the administrator.

This decree was followed by a petition, filed November 29, 1919, by Mrs. Donnelly, setting forth that the paintings in dispute are her individual property and that they "were improperly and mistakenly and against her protest included in the said inventory or account and that she did not know her property had been included in the inventory......., that the paintings never were the property of the estate of Charles Donnelly but were her own sole and separate property," and asking the court to grant a review of the accounts previously filed because of the error cited. Upon the petition, citations were issued to the administrator and all creditors, and answers filed. On hearing and testimony taken, the court opened the decree, restated the account and made distribution of the paintings and household effects to Mrs. Donnelly. From the decree so made the administrator has appealed.

As indicated by the statement of questions involved, the matters for consideration are (1) the sufficiency of the testimony to sustain a gift from decedent to his wife in his lifetime and (2) estoppel of Mrs. Donnelly from denying representation of record made for her benefit.

Under Sloan's Estate, 254 Pa. 346, the court clearly had authority to make an order of review, no rights having changed in consequence of the decree, and the property remaining intact in the possession of Mrs. Donnelly, and, if shown that an error or mistake had been made, to open its decree and make such corrections as might be necessary to avoid injustice being done.

An examination of the testimony shows Mrs. Donnelly made claim to the paintings and household furniture as her own property at the time the inventory was made and protested against their being included as estate property; she did not see the inventory after it was prepared and was not aware her property had been included until several years later, and both the paintings and furniture have been in her possession and control since the death of her husband; she insured and cared for the paintings at her own expense and no attempt was made to disturb her possession of either or both until the year 1917, eleven years after the death of her husband. In establishing her ownership of the property in dispute, Mrs. Donnelly was corroborated by the testimony of a number of witnesses, members of the family and others, who testified the paintings were purchased usually one at a time by Mr. Donnelly, covering a considerable period, and, in each instance, presented to his wife at the time of purchase. It also appears that decedent frequently declared to his friends that the paintings and household furniture belonged to his wife.

At the time of the death of decedent his estate was believed to be solvent and not until several years afterwards, when, owing to a change in trade conditions and both real property and personal securities had depreci-

ated greatly in value, was it found the liabilities of the estate exceeded its assets.

We find nothing in the record to sustain the contention that Mrs. Donnelly is estopped from now asserting her title to the property in controversy. As stated above, she gave notice of her ownership at the time the inventory was prepared and protested against the property being included therein and nothing appears in the record to indicate she was aware, or had reason to believe, her protest was disregarded, and, so far as either the record or testimony shows, no one was misled or prejudiced by her acts or conduct.

Mrs. Donnelly, not having business experience, took no part in the management of the estate of her husband, while acting as executrix, beyond advancing money from her own estate to her coexecutors to be used for the protection of her husband's property.

After reading the testimony and giving it full consideration, we can reach no other conclusion than that reached by the court below that "The testimony of interested and disinterested witnesses all point unerringly and without contradiction to the conclusion that the decedent made a gift of his paintings and household furniture to his wife in his lifetime."

The decree of the court below is affirmed at the cost of appellant.