## Williams v. Bross.

*Entireties—Estate by entireties—Personal property—Bank account.*

1. An estate by entireties may exist in personal as well as real estate, in choses in action as well as in choses in possession.

2. There may be an estate by entireties in a bank deposit.

3. A checking account derived from the joint earnings of a husband and wife, deposited in a bank subject to the checks of either the husband or the wife, or both, and upon which the bank has honored checks signed by either, is an estate by the entireties and, therefore, is not subject to an attachment execution based upon the debt of the husband alone.

Rule to dissolve attachment execution. C. P. Dauphin Co., Sept. T., 1923, No. 305.

*Wickersham & Neely,* for rule; *Metzger & Wickersham,* contra.

HARGEST, P. J., Jan. 18, 1924.—The plaintiff, having obtained a judgment against the defendant, caused an attachment execution to issue, attaching an account of approximately $70 in the People's Bank of Steelton. A stipulation has been filed in this case, in which it was agreed that this "was a checking account on which either Harry R. Bross or his wife, or both of them together, could draw checks; that the bank had previously honored checks signed by either of them on said account, and that the $70 could have been withdrawn from the said bank on the individual check of Harry R. Bross without the consent or knowledge of his wife," and that the said fund, subject to the check of either or both as aforesaid, was derived from the joint earnings of Harry R. Bross and his wife."

The question in this case is whether this account is an estate by entireties. If it be an estate by entireties, it is not liable for the husband's debts. If it is not an estate by entireties, then it is liable. A tenancy by entireties may exist in personal as well as real estate; in choses in action as well as in choses in possession: Bramberry's Estate, 156 Pa. 628. There may be an estate by entireties in a bank deposit: 2 Morse on Banks and Banking, § 604 *(b).* In order to create a tenancy by entireties, there must be unity of interest, unity of possession, unity of control, unity of disposition or encumbrance, and also a unity of person: 13 Ruling Case Law, § 121, page 1098; Chandler *v.* Cheney, 37 Ind. 391, 408. The question, therefore, arises whether all of these necessary unities attach to a bank deposit where there is the right in either the husband or the wife to check against or exhaust the fund.

4 D. & C.

The authorities in this State are by no means in harmony. In Biehl *v.* Martin, 236 Pa. 519, Mr. Justice Stewart indulged in a very illuminating discussion of the peculiarities of the estate by entireties, in which he came to the conclusion that there could not be "a severance of ownership in any other way than by the death of one or the other of the parties, or by voluntary alienation by both," and he said (pages 527, 528): "Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment *pro tanto* of the rights of the other. By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves, but neither can divest himself or herself of any part without in some way infringing upon the rights of the other. . . . If the husband cannot sell or dispose of his expectancy of survivorship, it follows that it may not be taken in execution."

In Watts *v.* Horn, 30 Dist. R. 325, Judge Evans, of the Common Pleas of Allegheny County, after quoting the language just above quoted from Biehl *v.* Martin, said, with reference to an account subject to the check of either husband or wife: "If either had the right of disposition without the joinder of the other, given in the instrument which created the estate, the estate created would not be an estate by entireties."

In Osterling *v.* Van Arsdale, 70 Pitts. L. J. 971, heard before Judges Evans, Carnahan and Douglass, of the Common Pleas of Allegheny County, it was held that because the account could only be drawn on the joint check of husband and wife, it was an estate by entireties. The court said: "Had this account been subject to the individual check of the two depositors, the situation would have been different."

In Parry's Estate, 188 Pa. 33, a letter of credit drawn to W. H. Parry and Minnie H. Parry, his wife, was held to create an estate by entireties. In that case there was no question of the right of either to draw upon the letter of credit without the joinder of the other, for the court said: "There is not a spark of evidence indicating any other intention than that which legally arises on the face of the paper."

In Pilewsky *v.* Dickson City National Bank, 24 Lacka. Jurist, 9, Judge Maxey, of the Court of Common Pleas of Lackawanna County, held that a deposit in the name of Maryan Pilewsky or Yechuiga Pilewsky did not create an estate by entireties, saying: "The very fact that either could check on the account proves that the account was not held by entireties, as in an estate by entireties 'neither husband nor wife can dispose of any part without the assent of the other:' 2 Blackstone, 182."

In O'Malley *v.* O'Malley, 272 Pa. 528, 533, it is said: "Neither husband nor wife could sell even the expectancy of survivorship without the joinder of the other."

To the same effect is the reasoning of the Superior Court in Fredrick's Estate, 54 Pa. Superior Ct. 535.

In the light of these authorities, and having regard to the principles, it would seem that an account which could be checked out and dissipated by either the husband or the wife without the joinder of the other could not be an estate by entireties.

But the Supreme Court seems to have decided otherwise in Klenke's Estate, 210 Pa. 572. Judge Over, of the Orphans' Court of Allegheny County, held that a deposit in the name of husband or wife was an estate by entireties, which case was affirmed in a *per curiam* opinion without discussion. Judge Maxey, in the case of Pilewsky *v.* Dickson City National Bank, 24 Lacka.

Jurist, 9, endeavored to distinguish Klenke's Estate, 210 Pa. 572, and we would be much inclined to follow the reasoning of the later case of Biehl v. Martin, 236 Pa. 519, which would seem to lead to the conclusion that a deposit in the name of husband or wife, subject to the separate check of either, could not be an estate by entireties if it were not for the positive declaration of the Supreme Court in Sloan's Estate, 254 Pa. 346, 349. In that case, although Mr. Justice Walling, who wrote the opinion, does not indulge in any discussion of the peculiarities of the estate by entireties, he uses the following positive language: "It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case, it is held by entireties: Klenke's Estate (No. 1), 210 Pa. 572." See, also, Donnelly's Estate, 7 Pa. C. C. Reps. 196.

We are bound by this last declaration of the Supreme Court, and must conclude that the deposit in this case is an estate by entireties, and, therefore, not subject to the attachment execution based upon the debt of the husband alone.

The rule granted to show cause why the attachment execution should not be dissolved is hereby made absolute, at the cost of the plaintiff.

From Sidney E. Friedman, Harrisburg, Pa.