## Hinden v. McClain, Executor.

*Husband and wife—Joint ownership and survivorship.*

1. A bond and mortgage given to a husband and wife jointly is held by entireties, and on the death of one the other becomes sole owner and is entitled to possession of the bond and mortgage by right of survivorship.

2. In an action of replevin by a surviving husband to recover such bond and mortgage, the allegation in the affidavit of defense that it was mutually agreed that the husband and wife should each own half of the mortgage is insufficient and does not change their interests, as it is an attempt to change a written contract by parol.

Replevin. Rule for judgment for want of a sufficient affidavit of defense. C. P. Lancaster Co., April T., 1927, No. 12.

*John E. Malone,* for rule; *Harold G. Ripple,* contra.

HASSLER, J., July 2, 1927.—This is a rule for judgment for want of a sufficient affidavit of defense. The action is replevin. That a judgment can be entered in actions of replevin for want of a sufficient affidavit of defense is well settled: John Deere Plow Co. *v.* Hershey, 287 Pa. 92.

This writ of replevin was issued to obtain possession of a bond and mortgage. The statement sets forth the following facts upon which the plaintiff relies to recover: On Nov. 9, 1925, the plaintiff was the owner of a house and lot located at No. 602 North Queen Street, this city. On that day, he and his wife, Caroline Hinden, conveyed it to Clarence B. Hinden and Lottie M. Hinden, his wife. In order to secure part of the purchase money, Clarence B. Hinden and Lottie M. Hinden, his wife, executed and delivered to the plaintiff, Frank X. Hinden, and Caroline Hinden, his wife, a bond and mortgage on the said house and lot for $9500, with interest to be paid annually at 4 per cent. Caroline Hinden, wife of the plaintiff, died Dec. 24, 1926.

The plaintiff claims he is entitled to the said bond and mortgage by right of survivorship. In order to obtain possession of them, he issued this writ of replevin. The sheriff delivered them to him.

The defendant in his affidavit of defense admits these facts, but denies that the plaintiff is entitled to possession of the bond and mortgage as survivor of Caroline Hinden, his wife, for the reason that when it was executed and delivered, it was mutually agreed and understood by the parties that F. X.

Hinden and Caroline Hinden "should each own one-half of said mortgage in their own right."

This allegation of a mutual agreement and understanding between the parties really does not change the interest of the mortgagors as it appears on the face of the bond and mortgage. In so far as it attempts to or is intended to change that interest by depriving the survivor of his right to the ownership of the whole amount called for in them, it is an attempt to change or vary the terms of the written contract, viz., the bond and mortgage, by parol, and as it is not alleged that such mutual agreement was omitted from them by fraud, accident or mistake, it is not a good defense.

The only question for our consideration, then, is whether the plaintiff is entitled to the bond and mortgage as the survivor of his wife?

In Sloan's Estate, 254 Pa. 346, William Sloan deposited money in bank on certificates of deposit, some payable to himself or wife and some to himself and wife. At his death his wife claimed them. In allowing her claim, Justice Walling, delivering the opinion of the Supreme Court, said: "The rule that the title to property held jointly by a husband and wife vests in the survivor applies to personal as well as real property: Bramberry's Estate, 156 Pa. 628; Parry's Estate, 188 Pa. 33; Klenke's Estate (No. 1), 210 Pa. 572. It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case it is held by entireties: Klenke's Estate (No. 1), 210 Pa. 572."

In Klenke's Estate (No. 1), 210 Pa. 572, it is decided that a tenancy by entireties arises wherever an estate in personalty or realty, in choses in actions as well as choses in possession, vests in two persons, who are at the time when it vests husband and wife.

In Bramberry's Estate, 156 Pa. 628, Justice McCollum said: "A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession: Freeman on co-Tenancy and Partition, §§ 63 and 68; Gillan's Exec'rs v. Dixon, 65 Pa. 395. The common law rule is that the words which in a conveyance to unmarried persons constitute a joint-tenancy will create, if the grantees are husband and wife, a tenancy by entireties. The tenancy established by a conveyance to husband and wife is not destroyed or affected by the Act of March 31, 1812, 5 Sm. Laws, 395, which abolished survivorship among joint-tenants, nor does the rule referred to yield to an express provision in the deed that the grantees shall hold the estate granted as tenants in common: Stuckey v. Keefe's Executors, 26 Pa. 397. It has been contended, and in some jurisdictions held, that the legislation which secures to the wife the enjoyment of her separate estate is destructive of the legal unity of husband and wife on which tenancies by entireties depend. But the better view is that such tenancies are not destroyed or impaired by it: 9 Am. & Eng. Ency. of Law, 851, and cases cited."

Under these authorities, this bond and mortgage having vested in the plaintiff and his wife, they were tenants by entireties, and upon the death of one, the survivor (the plaintiff) became the sole owner of the bond and mortgage and all that was due upon it, including the interest.

Being of the opinion that no defense sufficient to prevent judgment is contained in the affidavit of defense, we make absolute the rule for judgment for want of a sufficient affidavit of defense and enter judgment for the plaintiff.

From George Ross Eshleman, Lancaster, Pa.