## McLain, Executor, v. Hinden.

*Husband and wife—Joint ownership of mortgage—Interest—Survivorship.*

A mortgage given to a husband and wife jointly is held by entireties with survivorship, and where the wife dies, her executor cannot recover from the mortgagor one-half of the interest due up to the time of her death, as the ownership of the mortgage and all that was due upon it survived to the husband.

Affidavit of defense raising question of law. C. P. Lancaster Co., Nov. T., 1927, No. 28.

*Harold G. Ripple*, for plaintiff; *John E. Malone*, for defendant.

GROFF, J., Dec. 31, 1927.—In this case, Charles F. McLain, the executor of the last will and testament of Caroline Hinden, who died Dec. 24, 1926, and who was granted letters testamentary in due course on said estate, brought suit in the Court of Common Pleas of Lancaster County to No. 28, November Term, 1927, to recover one-half of the interest due on a certain mortgage dated Nov. 9, 1925, and recorded in the Recorder of Deeds Office in and for Lancaster County in Mortgage Book 277, page 204, for $9500, it being a lien against the premises No. 602 North Queen Street, Lancaster, Pa.

The mortgage was made and executed by Clarence B. Hinden and Lottie M. Hinden, his wife, to Frank X. Hinden and Caroline Hinden, his wife. The first instalment of interest was due, according to the pleadings, on Nov. 9, 1925—forty-five days prior to the death of Caroline Hinden, whose executor is the plaintiff in this suit. The amount claimed is $427.49, one-half of the interest due on the aforesaid mortgage at the time of Caroline Hinden's death.

The defendants, under section 20 of the Practice Act of May 14, 1915, P. L. 483, filed their affidavit of defense, raising the three questions of law, viz.: 1. The statement of claim sets forth no cause of action. 2. The statement of facts relied upon by the plaintiff shows clearly that the plaintiff, the personal representative of a deceased wife, has no right to recover on a chose in action which was held by the husband and wife as tenants by entireties. 3. The statement of claim does not aver that Frank X. Hinden, husband of Caroline Hinden, predeceased his wife, and, without this averment, plaintiff, the personal representative of the wife, cannot recover.

McLain, Executor, v. Hinden.

The statement does not clearly state, but it was conceded on the argument of the case, that Frank X. Hinden was the husband of Caroline Hinden and that he survived his said wife.

The mortgage, according to the pleadings, was executed to Frank X. Hinden and Caroline Hinden, husband and wife, and a tenancy by entireties, or an ownership by entireties, was, therefore, created in them as husband and wife.

"A tenancy by entireties arises whenever an estate vests in two persons who are, at the time when the estate vests, husband and wife. It may exist in personal as well as real property, in choses in action as well as in choses in possession:" Bramberry's Estate, 156 Pa. 628; Klenke's Estate (No. 1), 210 Pa. 572.

In the latter case, the husband and wife had a deposit in bank in their joint names, and they held by entireties and not by moieties, and upon the death of the one, the survivor took the whole.

And, again, in Bramberry's Estate, above recited, it was held that where "a conveyance of land to husband and wife in consummation of their joint purchase of it during coverture vests in them an estate by entireties, and when on a sale of the land so held they take in their joint names a mortgage for the purchase money, the presumption is that they intend to hold the mortgage as they did the land."

Therefore, there seems to be no doubt but that Frank X. Hinden and Caroline Hinden held the mortgage referred to in the estate and on which the interest is due as owners by entireties.

In Gasner v. Pierce et al., 286 Pa. 529, a case recently decided, it was held that a tenancy by entireties is an interest held by the husband and wife together so long as both live, and, at the death of either, by the survivor so long as the estate lasts. There is but one estate, and in contemplation of law it is held by but one person. Such interest, arising by the unity of person, has not been abolished or affected by the Acts of April 11, 1848, P. L. 536; June 3, 1887, P. L. 332; June 8, 1893, P. L. 344; May 24, 1923, P. L. 446, and May 13, 1925, P. L. 649. Neither husband nor wife in whom property has jointly vested as an estate by entireties can sell or assign their individual rights therein without the joining of the other or dispose even of the expectancy of survivorship, and creditors of either acquire no enforceable lien by obtaining judgment or title by sale in execution.

And, in the same case, it was held that where the husband and wife owned property jointly, and the property was rented by the husband to a tenant, and the wife collected the rents, that the rent was properly paid and discharged, she having had a right to receive the whole of it, and that the proper disposition of the money paid in such case is a matter for determination between the husband and wife, but the party owing the rent is relieved from further obligation when he has paid to the wife.

If the defendants in this case have paid the interest to Frank X. Hinden, the surviving joint owner of the mortgage, they are absolutely discharged from further payment of the same, and if they have not so paid the interest, all moneys due on the mortgage belong to the survivor of the tenancy or ownership by entireties, that is, the present owner of the mortgage, and they are obliged to pay the same to him.

There is, therefore, no obligation to pay the interest sued for to the plaintiff in this suit.

We sustain the contention of the defendants and decide the question of law in their favor and enter judgment in favor of the defendants and against the plaintiff.          From George Ross Eshleman, Lancaster, Pa.