## THOMAS v. ENGEL.
### No. 7037.

District Court, W. D. Pennsylvania.

Nov. 1, 1932.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

Sherriff, Lindsay, Weis & Hutchinson, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The receiver of the Bank of Pittsburgh, National Association, has brought suit based upon a note made by the defendant and held by the bank when the receiver was appointed. The note is dated September 14, 1931, and is for the payment of $1,200. A set-off of $34 has been allowed in the statement of claim, reducing the amount claimed to $1,166, with interest. The defendant, in his affidavit of defense, sets out a savings account in the name of "Harry C. Engel or Jean R. Engel, Special," upon the books of the bank at the time of its closure, with a balance of $1,314.-99, and claims the right to set off this account against the liabilities of Harry C. Engel upon the note in suit.

The affidavit of defense states that Harry C. Engel and Jean R. Engel were, and are, husband and wife. The affidavit further states that the note in suit was the renewal of two notes, one for $900 and the other for $300, given by Harry C. Engel, and that as collateral to the said notes the present defendant signed a paper by which $1,200 of the savings account was assigned to the bank. The assignment in question is attached to the affidavit of defense, and is in the form of a receipt signed by the defendant for the sum of $1,200. So far as appears in the pleadings, this assignment was never charged against the depositors in the savings account, but was held as collateral.

The affidavit of defense further sets forth the agreement of Jean R. Engel to the use of the savings account as a set-off against the claim of the receiver upon the defendant.

In support of his motion for judgment, the plaintiff denies the right of the defendant to use the savings account as a set-off. He asserts that the joint account was an estate by entireties, and therefore not such an estate of the defendant as may now be set off against the claim in suit, as the plaintiff and defendant did not have such mutuality of demand as would justify a set-off.

The plaintiff is fully sustained by Pennsylvania decisions in his claim that the account in the name of the husband or wife constituted an estate by entireties. Klenke's Estate, 210 Pa. 572, 60 A. 166; Sloan's Estate, 254 Pa. 346, 98 A. 966; Pennsylvania Trust Co. v. Mischik, 96 Pa. Super. Ct. 255. The case last cited is similar in many of its features to the present case. The husband, as collateral to his note given a bank other than the bank having the savings account, deposited his bank book and a receipt for the amount of the note. The bank having the deposit agreed with the other bank that it would pay the amount set out in the receipt upon presentation of the order at the expiration of the notice period, but prior to that date the husband died, and the wife claimed the deposit. The court decided that the account was held by entireties, and that the moneys on deposit belonged to the wife upon the death of her husband.

The instant case differs from the case last cited in that the assignment is held as collateral by the bank in which was the savings account, and by the fact that the estate by entireties has not been determined by the death of the husband; and also in that the wife in the instant case has, subsequent to the institution of the suit, given her consent to the set-off claimed by the defendant. None of these differences appear to us to be material. In neither case had the amount of the assignment been charged against the depositors in the savings account. In the instant case it was held simply as collateral upon the note.

Nor does it seem that it is material that in the Pennsylvania Trust Company Case the right of the wife to the savings deposit had been determined by the death of the husband, while in the instant case the husband and wife are both alive. Despite dictum to the contrary in the opinion in the case cited, we see no reason why both husband and wife would not have been bound by the actual withdrawal of the fund by either one of them. But no such withdrawal had been made in the present case. Before it could be done, the situation had been crystallized by the receivership, just as effectually as it would have been by the death of the husband or the wife.

The consent of the wife, even if it had been given before the appointment of the receiver instead of after suit brought, does not alter the situation. The assignment was not completed, but simply held as collateral. The transfer of any indebtedness to a national bank in the hands of a receiver to a creditor or depositor is prohibited by statute. Section 91, title 12, USCA p. 199. The declared purpose of the section is to prevent prefer-

ences by reason of such transfers. The consent of the wife to the set-off claimed by the husband would in its actual effect constitute just such a transfer as is contemplated by the act.

Being of opinion that the savings account of "Harry C. Engel or Jean R. Engel, Special," was not, under Pennsylvania decisions, a proper set-off against the indebtedness of Harry C. Engel to the bank, judgment for the plaintiff will be entered.