## Gontek v. Gontek

*E. T. Jackson, Jr.,* for plaintiff.
*H. Brenner,* for defendant.

SMITH, P. J., February 13, 1947.—This matter comes before the court on respondent husband's preliminary objections to a bill in equity filed by his wife. The bill states that while the parties cohabited together as husband and wife, a saving fund bank account, designated as Account 6729, was opened in the Cheltenham National Bank of Cheltenham, Pa., in their joint names, with a right of either party to withdraw upon said account; that various sums were deposited in the said saving fund account and on July 15, 1946, and September 23, 1946, the balance in the said account was in the sum of $1,011.42; that on July 15, 1946, respondent gave notice to the said bank to transfer the entire balance, in the sum of $1,011.42 then in the joint saving fund account, to a new account in the same bank in his sole name; that as a result of the said notice, the transfer of the bank account was made in the name of respondent; that

complainant never consented to the said transfer although demand for one half part of the said sum has been made by her upon said respondent; that the said parties are now living separate and apart. The prayer of the bill asks for an accounting and asks that an injunction issue, enjoining respondent from withdrawing any of the balance from the account in his name until he has accounted to the complainant for the sum of $505.71, being one half of the said balance in the said bank, and until respondent had paid over to complainant the said amount of $505.71 plus the cost of this suit. The prayer further asks that this court order respondent to pay the said sum of $505.71 and costs to complainant.

The preliminary objections filed by respondent present the following reasons:

The Act of June 8, 1893, P. L. 344, sec. 3, as amended by the Act of March 27, 1913, P. L. 14, sec. 1, 48 PS §111, provides, inter alia, that a wife may not sue her husband except in proceedings for divorce or in proceedings to protect and recover her separate property;

That this action is not within the exception of the said act;

That the parties are still husband and wife and under the circumstances set forth in the bill, the wife cannot be granted the relief prayed for.

We do not believe that the preliminary objections can be sustained. In Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476, Mr. Chief Justice Kephart, speaking of joint tenants said (p. 480):

"The nature of estates by the entireties is generally well understood. They are simply a form of co-ownership, a particular type of 'joint estate', held by husband and wife. . . . Joint tenancies have four unities: interest, title, time and possession."

In addition to the attributes of a joint estate where each spouse owns the whole, in the estate by the entirety (p. 482) "neither one has any individual portion which can be alienated or separated, or which can be reached by the creditors of either spouse."

This law applies to personal property as well. Mr. Justice Kephart continues (on p. 484):

"In Klenke's Estate (No. 1), 210 Pa. 572, a bank deposit in the name of husband and wife was held to be an account by the entireties."

And on p. 485:

"We have held in a long line of cases that bank deposits . . . payable to husband and wife, or to husband or wife, are tenancies by the entireties with all the incidents relating thereto. . . . In Klenke's Estate (No. 1), supra, a bank account in the names of husband and wife with the provision that 'We or either of us may draw upon the bank during the continuance of said account' was held to go to the wife on the death of the husband because survivorship is a direct result of tenancy by entireties."

And on p. 486, Mr. Justice Kephart further stated:

"When, on the other hand, an account is made payable in its creation to either 'husband *or* wife', there is an immediate expression of authority, of agency to act for both. As an incident of these estates by entireties is the power that each gives the other, at the time of the estate's creation, to act for the other. This conclusion is beyond debate."

Thus in such an estate by the entirety there is created a presumption that the money withdrawn by one will be expended for both of them, and that the one withdrawing is acting as the agent for the other. In Madden v. Gosztonyi, supra, on p. 488, 489, Mr. Chief Justice Kephart states:

" 'The fund withdrawn is still subject to the legal status of the estate, and it has stamped on it in the

hands of one who withdrew it all the elements of a trust.'

"The authorities thus cited would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or a part of it, in bad faith, into one in severalty."

We do not see what more could have been done by respondent to indicate his bad faith and to show his intention of destroying the vital incidents of this estate by the entirety, by his withdrawing of the entire fund from the joint bank account of the parties and placing the said entire fund in his sole possession and control. It cannot be seriously contended that such withdrawal by him inures to the benefit of the both parties to this litigation. The status of the estate remains as it was originally and respondent holds the said estate in trust for the benefit of himself and complainant.

As to the averment in the bill that by his action of withdrawing the funds from the joint bank account, respondent violated the terms of the entirety agreement, and that his wife thereby could acquiesce therein and elect to divide the fund, this raises another question. It is well settled law that neither one of the parties by the entirety can alone destroy the incidents of the entirety by any all-out act of his or hers, but it is also the law that both parties by their joint action may do this. In Beihl v. Martin, 236 Pa. 519, 527, 528, it is stated:

"A little reflection upon the nature of the estate by entireties should make it apparent, we think, that while the estate continues it is utterly impossible for

either party, without the other joining, to sell or assign his or her interest therein, even the expectancy of survivorship. . . . By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves; but neither can divest himself or herself of any part without in some way infringing upon the rights of the other. The wife has the right to initiate as well as the husband."

And on p. 529:

" 'The weight of authority founded as we think upon the better reasoning, is that such acts (the reference being to enabling acts with respect to rights of property in married women) do not in any way effect estates by entirety, except that they deprive the husband of the right to the possession and enjoyment of the property held by himself and wife in this manner, to the exclusion of the wife.' "

We do not believe that a request for an accounting is at all necessary in this particular case. Complainant is aware of the amount of money in the bank account as held by respondent so that if the evidence shows that the particular sum is in the bank account, it may be easily divisible. It appears to us that the moment respondent violated the agreement his cotenant by law possesses the ability to elect whether or not she consents to the termination of the estate by the entirety. If the wife elects to terminate the estate, then the husband, violator of the agreement, holds her one half of the estate as trustee for her and the whole estate until divided remains impressed with the entirety provision. The bill prays for a division of the fund and respondent, by his action, has opened the door for the granting of this prayer. It is stated in Berhalter v. Berhalter, et al. 315 Pa. 225, 228, 229:

"When the wife in her own behalf and for her own use withdrew part of the fund from the bank, this action was tantamount to an offer to her husband to destroy the estate by entirety. As stated in Swolski v. Swolski, 75 Pitts. L. J. 534, defendant appropriated to her own use, the funds which plaintiff and defendant agreed to hold in an estate by entireties and this constituted in law an election on her part to divide the fund. In this case, when appellee in a request for a conclusion of law asked for a division of the fund, this constituted an acquiescence in appellant's offer or election to divide the fund. In other words, by the act of the parties they agreed to divide the property subject to the estate by entirety. This being the course the litigation took in the court below, we find no reason to discuss some of the other questions raised by appellant; . . .

"The decree of the court below dividing the fund is affirmed; . . ."

In the case of Zwolski v. Zwolski, 75 Pittsburgh L. J. 534, Drew, J. (now Mr. Justice Drew), where a husband sold a parcel of real estate held by himself and his wife by the entireties, without accounting to her for her share in the proceeds of the estate, found as a fact:

"The value of the real property at No. 3519 Butler Street held by the entireties was $13,000.00, and the interest of the plaintiff was the one-half part thereof or the sum of $6,500.00, which she is entitled to, with interest . . ."

In the discussion, the court stated (on p. 535):

"It is admitted that the property in question was held by the parties by entireties, that defendant sold the property and received the full consideration, and that he has not accounted to plaintiff for her share of the money."

The court's conclusions of law were as follows (p. 536):

"1. The proceeds of the sale of the property at No. 3519 Butler Street held by entireties, to wit, $13,000.00, was received by the defendant as a trust fund for the use of the defendant and the plaintiff.

"2. The defendant appropriated a large part of said trust fund to his own personal use and purpose and this constitutes in law an election on his part to divide the fund. The interest of the plaintiff became a trust fund in the hands of defendant for her benefit.

"3. Upon a division of the fund, the plaintiff is entitled to the one-half part thereof, to wit, $6,500.00, with interest from October 1, 1923, which, calculated to December 1st, 1926, amounts to $1,235.00, making her interest as of December 1st, 1926, the sum of $7,735.00.

"4. The defendant purchased in his own name alone the real estate at 37th and Butler Streets for the price of $14,200.00, and the whole of the money held by the defendant as above stated in trust for plaintiff was put into this property by him. The value of the clear equity in this property at 37th and Butler Streets now amounts to the sum of $5,417.62 only, this sum being less than the moneys of plaintiff put into the property above mentioned, by defendant. This equity belongs to the plaintiff and she is entitled to a conveyance to the title of the property subject to the foregoing liens.

"5. The difference between the value of the equity in the property last mentioned, to wit, $5,417.62, and the present value of the plaintiff's interest in the trust fund above referred to, to wit, $7,735.00, is held by the defendant in trust for the plaintiff and he should account for and pay the same over to the plaintiff.

"6. The costs of this proceeding should be paid by the defendant."

Plaintiff here has asked for one half division of the fund now held in the possession of respondent. This shows that she is willing to acquiesce in the ac-

tion of respondent to terminate the estate by the entireties so that the fund may be divided equally between the parties. We see no reason how it can now be contended that the bill as drawn is not legally sufficient. If the facts set forth in the bill are proven, complainant is entitled to relief.

## Order

And now, to wit, February 13, 1947, the preliminary objections to the bill in equity are not sustained. Respondent is ordered and directed to file an answer to the said bill on the merits, within 15 days.