## Zupko v. Metropolitan Life Ins. Co.

*Nathan Hyman* and *Paul R. Orrson*, for Mary Zupko.

*William A. Valentine*, for Agnes Zupko.

LEWIS, J., February 24, 1948.—On September 13, 1947, Mary Zupko filed a complaint in assumpsit against the Metropolitan Life Insurance Company for the sum of $500, with interest from June 3, 1947.

The complaint alleged that plaintiff and her husband, John Zupko, secured from defendant company a

policy of endowment insurance on the life of their minor son, Paul Zupko. The said policy was in the amount of $1,000 and named as beneficiaries therein "John and Mary Zupko, parents, beneficiary."

The insured son, Paul Zupko, died on May 2, 1947, and the Metropolitan Life Insurance Company paid $500 to claimant, Mary Zupko. The company, however, refused payment of the remaining $500 to Mary Zupko because of the contention of Agnes Zupko, widow and administratrix of the estate of Paul Zupko, the insured, that she was entitled to the proceeds under the terms and provisions of the policy.

To determine the validity of Agnes Zupko's assertion, the insurance company paid $500 into court and filed a petition for interpleader, following which the court granted a rule upon claimant, Mary Zupko, to show cause why Agnes Zupko, administratrix of the estate of Paul Zupko, the insured, should not interplead.

Accordingly, Agnes Zupko, on November 3, 1947, filed her complaint against the Metropolitan Life Insurance Company and Mary Zupko, mother of the insured, claiming the money paid into court.

Claimant, Mary Zupko, pursuant to Rule 1017(b) (4) of our Rules of Civil Procedure, filed preliminary objections in the nature of a demurrer to the complaint of Agnes Zupko seeking judgment on the pleadings.

The pivotal question in determining which of the two claimants is entitled to the fund revolves around the proposition of whether or not the policy naming "John and Mary Zupko, parents, beneficiary" created a tenancy by the entireties.

To begin with, it long has been decided that personal as well as real property may be the subject of an estate held by husband and wife as tenants in entirety. In re Bramberry's Estate, 156 Pa. 628.

A tenancy by entireties is a form of coöwnership. It is an estate held by husband and wife by virtue of title acquired by them jointly after marriage, and each holds per tout et non per my: C. I. T. Corp. v. Flint et al., 333 Pa. 350. In other words, the fundamental feature of an estate in entirety is that each spouse is seized of the whole and not a share or divisible part.

Thus, we must conclude under terms of this policy that John and Mary Zupko did not have individual interests in this policy, but rather that John and Mary Zupko are tenants by entireties and in contemplation of law are one person. This legal concept has been firmly established by a long line of judicial decisions with roots going back to early common law: Madden et al. v. Gosztonyi Savings and Trust Co., 331 Pa. 476.

As a result of the discussion, supra, we are of the opinion that the descriptive words in the policy which follow the designation of John and Mary Zupko as beneficiaries, to wit: "Parents, beneficiary," are mere surplusage, and in a similar case this court so decided: Wassil v. Home Life Insurance Co., 31 Luz. 5.

Preliminary objections of Mary Zupho, mother of the insured, are sustained, and it is ordered and directed that judgment be entered for claimant, Mary Zupko, as against Agnes Zupko, widow and administratrix of the estate of Paul Zupko, the insured.