# Albert, Appellant, *v.* National Outfitting Co.

*Partition—Possession after partition—Tenant for years in possession—Acts of March 16, 1905, P. L. 42, and April 20, 1905, P. L. 239.*

1. Under the Act of April 20, 1905, P. L. 239, the possession of a tenant for years is paramount to that of an owner claiming possession by purchase under a decree in partition "if the letting to him shall precede in point of date the entry of the......order or decree on which such sale was had, and also shall precede the recording......of the......deed......through which by legal proceedings the purchaser derives title." ·

2. Where two tenants in common execute a lease for years, and subsequently one secures by a decree in partition and deed growing out of the same, the one-half interest belonging to his cotenant, he cannot thereafter dispossess the tenant for years during the term of the lease, by proceedings under the Act of March 16, 1905, P. L. 42.

Argued March 14, 1921. Appeal, No. 269, Jan. T., 1921, by plaintiff, from order of C. P. Lehigh Co., April T., 1920, No. 112½, on petition to obtain possession of property, in case of Max Albert v. National Outfitting Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition under Act of March 16, 1905, P. L. 42, to obtain possession of real estate from tenant for years, after partition proceedings. Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

The court entered an order disallowing claim of petitioner. Petitioner appealed.

*Error assigned* was order, quoting it.

*Dallas Dillinger, Jr.,* for appellant.—The deed dated Sept. 5, 1911, and the recording thereof through which, by legal proceedings (partition in equity), appellant de-

rived title in fee to the real estate, preceded in point of date the date of the lease, August, 1918, and the assignment and acceptance thereof by appellee Oct. 19, 1918, through which appellee became subtenant and by which appellee is now in possession of the real estate: Hostetter's Petition, 57 Pa. Superior Ct. 601.

*L. H. Rupp,* of *Butz & Rupp,* for appellee.—The right of possession of appellee is paramount to any title appellant acquired on the partition proceedings in purchasing his cotenant's interest.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1921:

Appellant, to whom an undivided one-half interest in real estate had been awarded in partition proceedings,— he already having title to the other half interest,— brought a proceeding in the court below to obtain possession of the property then held by a tenant for years. He bases his claim on the Act of March 16, 1905, P. L. 42, the second section of which provides that the party to whom land shall be adjudged in partition, may obtain possession thereof, in like manner as if the same had been sold by virtue of an execution, and on section 14 of the Act of April 20, 1905, P. L. 239, which provides for the recovery of possession after judicial sales in the following terms: "The right of possession of a tenant for years shall be deemed paramount to that of a purchaser at a judicial sale, if, and only if, the letting to him shall precede, in point of date, the entry of the judgment, order or decree on which such sale was had, and also shall precede the recording or registering of the mortgage, deed or will, if any, through which by legal proceedings, the purchaser derives title, unless the letting is made with actual notice to such tenant of the contemplated entry of such judgment, order or decree, or of the fact of the execution of such mortgage, deed or instrument of writing, and with intent to avoid the effect thereof."

That the learned court below was right in denying to appellant the remedy he seeks, will be manifested by a recital of the facts disclosed in the proceeding. Albert (appellant) and Ralph Schwartz became seized of the property in question, as tenants in common, by deed dated September 5, 1911. On June 1, 1917, Schwartz and Albert leased the premises to Albert, for a term of five years, with the privilege of renewal for a like term, and with the right to sublet; in August, 1918, Albert as lessee sublet to one Kaplan, and agreed that Kaplan could assign the lease to the National Outfitting Company, appellee, which assignment was made October 19, 1918. Subsequently, in proceedings in partition instituted by Albert against alienees of his former cotenant Schwartz, the undivided one-half interest belonging to them was awarded to him, and he gave notice to the National Outfitting Company that he elected to disaffirm the lease which he had executed, and to repossess himself of the entire property. Upon its refusal to assent to his demand for possession, he began this proceeding, claiming that the original deed to him of September 5, 1911, through which, by the partition proceedings, he obtained title to the property in severalty in fee, "preceded in point of date" the date of the lease and the assignment thereof to the Outfitting Company and that he was entitled to possession. With this position, we cannot agree. Appellant seeks to avoid a lease, in which he was both a party lessor and lessee. Not only does the act which he invokes not give him the right which he claims, but it protects the appellee, which claims through him as lessee, in its leasehold rights. The possession of a tenant for years is paramount to an owner claiming possession under a decree in partition "if the letting to him shall precede, in point of date, the entry of the......order or decree on which such sale was had, and also shall precede the recording......of the......deed......through which, by legal proceedings, the purchaser derives title." The order or decree to

which the act under the circumstances here existing refers is the decree in partition, and the deed "through which by legal proceedings" the appellant derives title is the deed growing out of the partition proceedings; the lease "in point of date" precedes both of these and is paramount.

The decree is affirmed at appellant's cost.