# Wally *v.* Jones et al., Appellants.

*Leases—Oil and gas lease — Execution — Failure to drill well— Forfeiture—Waiver—Estoppel—Tenants in common—Joint action —Evidence—Declarations—Appeal—New claim on appeal—Practice Act of 1915.*

1. Where the execution of an oil and gas lease offered in evidence is not denied by the pleadings, but the defendants by answer demand proof, such demand is not a denial of its execution, under the Practice Act of 1915.

2. Such a lease is properly admitted in evidence where it appears that the two subscribing witnesses were beyond the reach of subpœna, but that one of the tenants in common who signed the lease testifies to his own signature and that of his co-heirs, and there is other evidence, apart from the testimony of such witness, that the lease was delivered by the co-heirs to plaintiff.

3. Where a lease is signed by several co-heirs, one heir cannot bind another in waiving a forfeiture clause; nor can one heir extend the lease without authority from the others to do so.

4. Declarations made by certain of the heirs to an entire stranger who in no way represented them, are not admissible to establish a waiver of a forfeiture clause in the lease, where it appears that the suit, which was in ejectment, was brought to recover the entire tract, and the defense was not predicated on any right to retain one or more individual interests.

5. Where such action was brought and defended, and the case tried, on the theory of entire claims, it is too late, on appeal, to set up a claim by estoppel for the share of one of the heirs who is asserted to have waived the forfeiture.

Argued May 10, 1922. Appeal, No. 92, Oct. T., 1922, by defendants, from judgment of C. P. Allegheny Co., July T., 1921, No. 959, on verdict for plaintiff, in case of M. M. Wally *v.* G. William Jones, Jr., et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned,* inter alia, were various rulings on evidence and refusal of judgment for defendant n. o. v., quoting record.

*O. K. Eaton,* with him *W. F. & R. B. Petty, Jr.,* and *Howard Q. Turner,* for appellants.—It was error to admit the lease in evidence: North Penn Iron Co. v. Lithoid Co., 217 Pa. 538.

Plaintiff claiming a forfeiture must clearly and strictly establish it, especially in a case where it is admitted that defendant had at one time a good title and right of possession: Stanton v. Pittsburgh, 257 Pa. 361; Lutes v. Randall, 267 Pa. 285; Venture Oil Co. v. Fretts, 152 Pa. 451; Colgan v. Oil Co., 194 Pa. 234; Westmoreland N. Gas Co. v. DeWitt, 130 Pa. 235; Bartley v. Phillips, 165 Pa. 325; Thompson v. Christie, 138 Pa. 230; Riddle v. Mellon, 147 Pa. 30.

*Maynard Teall,* with him *George D. Wick* and *Reed, Smith, Shaw & Beal,* for appellee.—The case at bar is practically on all fours with the case of Curtin v. Peoples N. Gas Co., 233 Pa. 397.

One tenant in common has no power to bind his cotenant by an agreement with another to lease their land: Caveny v. Curtis, 257 Pa. 575.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

Plaintiff brought this action to recover a tract of land in McCandless Township, Allegheny County, containing forty-eight acres, excepting five acres immediately surrounding a flowing oil well located thereon. He claims his right through the heirs of William Lyons, under a lease dated April 11, 1921. Defendants in this case, and the one immediately following, claim under a lease from the same persons, dated August 15, 1918.

William H. Miller, defendant in an action similar to this one against G. William Jones, Jr., et al., obtained his right through an assignment from Jones, lessee

under the 1918 lease. This lease was for a period of two years, and as much longer as oil or gas was found in paying quantities, upon the following terms: Operations were to commence within sixty days, "and failure to commence the operations or pay the rental shall render the lease null and void; neither party shall be held to any liability for damages upon any stipulations or conditions herein contained......Should only one well be drilled on above premises within two years, then, with the exception of five (5) acres immediately surrounding well drilled, this lease shall be null and void and of no effect." Defendants did not drill the second well within two years, and as a result thereof a second lease to plaintiff (that of April 11, 1921) was executed.

Plaintiff proved the second well was not commenced within the two-year period, on which event the forfeiture accrued. It is not denied a written notice of forfeiture was given defendants before the second well was started, and it was started after that notice. Defendants, to deny the happening of forfeiture, asserted a waiver thereof; the burden rested on them to show it. This was attempted by introducing evidence tending to show one of the heirs was agent for the others, and, by his acts, the term of this lease and time for drilling was extended; that Jones thereupon proceeded within a reasonable time to drill the second well, and the conduct of the Lyons heirs was such as to waive this clause. All these questions, on submission to the jury, were, as to defendants, answered negatively by a verdict in plaintiff's favor, on which judgment has been entered. It is now claimed that the court below committed a number of trial errors.

The lease from the Lyons heirs to plaintiff was admitted without proof of execution by the subscribing witnesses, notaries public in California and West Virginia. The execution of this instrument was not denied by the pleadings, but each defendant, in answer, was contented with a demand for proof. This we held, in Bueh-

ler v. U. S. Fashion Plate Co., 269 Pa. 428, 432, 433, is not a denial. Proof of execution was made by Samuel Lyons, an heir, testifying to his own signature and that of his co-heirs. Four others were in court testifying as witnesses; they were not questioned as to the execution of the paper, and the heirs not called lived in the states mentioned above. The subscribing witnesses, the notaries public, were beyond the reach of subpœna. The error, if such it be, is not sufficient ground for reversal, as there was other testimony, received without objection, showing that a representative of the Lyons heirs delivered this lease to plaintiff, and counsel for defendants asked questions to bring out the "whole arrangement" between the witness and the Lyons heirs. The delivery of the lease was proved aside from the testimony of Samuel Lyons. As to proof of execution by others than the subscribing witnesses, see Mix v. Smith, 7 Pa. 75, 77; Wright v. Wood, 23 Pa. 120, 130; American Underwriters Assn. v. George, 97 Pa. 238, 241.

Oliver Miller, a brother of one of the defendants, was called to relate a conversation with four of the heirs after the 1918 lease had expired, by which it was proposed to show they knew Jones was proceeding with the second well, and had spent considerable money on it. This, to sustain an extension of time, an estoppel and representations relied on by W. H. Miller on the faith of which he proceeded with the drilling. The witness, so far as this transaction was concerned, was an utter stranger; statements made to him could have no binding effect unless he represented defendants, which did not appear in evidence; but the heirs admitted knowledge, and, had the evidence been admitted, it could not bind the heirs living in other states, who, so far as the record appears, had no knowledge of these admissions,— if they could be called such. The suit was brought to recover the entire tract, except five acres. The defense was not predicated on any right to retain one or more individual interests, but claimed the interests of all the

Lyons heirs. The admissions, to be binding on the other heirs, must have been based on some authority from the absent heirs, authorizing the proposed declarants to act for them. The admission was made to a stranger, without any evidence or offer to show he was an agent representing his brother; the rejection of this evidence on that account was not error.

The court below correctly charged that one heir could not bind another in waiving a forfeiture clause; nor could one heir extend the lease without authority from the others to do so, as it is conceded the extension and waiver of forfeiture would in effect create a new lease: McKinley v. Peters, 111 Pa. 283, 286; Caveny v. Curtis, 257 Pa. 575, 580.

The forfeiture clause was declared by the court below not self-operating, requiring an act of the lessors to declare it, and the jury found the necessary steps had been taken. This was as much as, if not more than, defendants had a right to ask. The Lyons heirs acted promptly to assert their rights, but the jury was instructed if they "believed it would be unconscionable to enforce the forfeiture under the evidence in this case, the verdict must be for the defendants." Having before them the evidence as to the time and cost of drilling, with all attending circumstances, they were better able to judge the merits and justice of the case than we are.

The rights of all heirs were joined in the action by the lessee to recover all the interests in the land, and defendants not only controverted this right, but asserted a similar claim to all interests in the same land. The action having been thus brought and defended, and the case tried on the theory of entire claims, it is now too late to set up a claim by estoppel for one-seventh interest because Samuel, one of the heirs, acted in such manner as to be estopped from asserting any claim to his one-seventh interest. The assignments are all overruled.

The judgment of the court below is affirmed.