## McCullough's Petition.

*Tenants in common—Lease—Partition—Act of April 20, 1905, P. L. 239—Possession.*

1. One tenant in common is without authority to bind his co-tenants by an agreement concerning the use or control, or affecting the title, of the joint property.

2. Under the Act of April 20, 1905, P. L. 239, a purchaser of property at partition sale may obtain possession against a tenant, claiming under a lease for a term of years, antedating the decree in partition, made by the owners of a three-fourths interest therein.

3. The rule is different where such lease is made by all the owners of the property.

Argued September 25, 1922.   Appeal, No. 142, Oct. T., 1922, by McConnell & Watterson Co., from judgment of C. P. Armstrong Co., Dec. T., 1921, No. 134, on whole record, In re Petition of James McCullough, Jr., for a citation upon McConnell & Watterson Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Petition under Act of April 20, 1905, to obtain possession of real estate purchased at a sale in partition.   Before KING, P. J.

The opinion of the Supreme Court states the facts.

Judgment for petitioner on the whole record.   McConnell & Watterson Co., tenant, appealed.

*Error assigned* was judgment, quoting it.

*J. Frank Graff, Jr.,* with him *R. L. Ralston,* for appellant.—A tenant for years cannot be dispossessed by an owner of the premises claiming under a sale in partition by proceedings under the Act of April 20, 1905, P. L. 239, where the letting to said tenant precedes in point of date the entry of the order upon which the sale was had where the tenant has leased the entire premises: Albert v. National Outfitting Co., 270 Pa. 183; Hayden v. Patterson, 51 Pa. 261; Baker v. Lewis, 150 Pa. 251.

A tenant in common may execute a valid lease for his undivided interest which will be binding upon his heirs and assigns whether he purports to lease only his undivided interest or the whole of the premises: Hayden v. Patterson, 51 Pa. 265; Baker v. Lewis, 150 Pa. 251; Swint v. Oil Co., 184 Pa. 202.

*H. A. Heilman,* for appellee, cited: Reed v. Fidelity Ins. T. & S. Dep. Co., 113 Pa. 574; Steel's App., 86 Pa. 222; McCrystal's Est., 6 Pa. Dist. R. 504; Beatty v. Bordwell, 91 Pa. 438; Leslie v. Leonard, 10 Pa. Superior Ct. 548; Stickles v. Oviatt, 212 Pa. 219; Devlin's Est., 5

Pa. Dist. R. 125; McKinley v. Peters, 111 Pa. 283; Caveny v. Curtis, 257 Pa. 581; Deck's App., 57 Pa. 467.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

The question propounded to us on this appeal is: Proceeding under the Act of April 20, 1905, P. L. 239, providing the method of obtaining possession of property by purchasers at judicial sales: can a purchaser of property at partition sale obtain possession against a tenant, claiming under a lease, for a term of years antedating the decree in partition, made by the owners of a three-fourths' interest therein?

It is true, we said, in Albert v. National Outfitting Co., 270 Pa. 183 (a proceeding under this act), "The possession of a tenant for years is paramount to an owner claiming possession under a decree in partition if the letting to him shall precede, in point of date, the entry of the order or decree, on which such sale was had." We were there referring to the rights of a tenant under a lease from all the owners of a property; here, we are dealing with a lessee of a fractional interest.

In Caveny v. Curtis, 257 Pa. 575, speaking through Mr. Justice FRAZER, we laid down the broad principle that "One tenant in common is without authority to bind his cotenants by an agreement concerning the use or control, or affecting the title, of the joint property." Reed v. Fidelity Ins. Co., 113 Pa. 574, holds that the right of tenants in common to make partition and enjoy all its incidents is paramount to the right of a lien creditor against any one of the tenants, and, where a proceeding for partition results in a judicial sale of the land, a lien created by one of the tenants in common is divested from the land but continues on the money raised by the sale.

While the precise question we are considering does not appear to have been decided, McKinley v. Peters, 111 Pa. 283, determines that one tenant in common has no power to bind his cotenant *by an agreement to lease* their land.

An actual letting must necessarily stand on the same footing as an agreement to let. The rule is general that one tenant in common cannot, as against his cotenants, convey a specific right or easement in the common property by which the rights of his cotenant will be affected: 7 Ruling Case Law, section 79, p. 884; 17 Am. & Eng. Enc. of Law 684; 38 Cyc. 101, 104; Washburn on Easements (4th ed.), p. 46.

The principle which would prevent one tenant in common from binding the land to the disadvantage of his cotenants by lien or by the creation of a right or easement in the common property would likewise prevent him from granting a leasehold interest in it which would prevent partition with all its resulting incidents, including possession.

The authorities cited answer the question propounded in favor of the petitioner and the court below properly entered judgment in his favor.

The judgment is affirmed.