Pennsylvania Trust Company, Appellant, *v.*
Mischik.

Argued April 10, 1929. Be-
fore Trexler, Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

*Joseph Levy,* for appellant.

*Leland W. Walker,* and with him *Ernest F. Walker,* for appellee.

OPINION BY TREXLER, J., July 2, 1929:

A savings account was opened in the Citizens' National Bank of Hooversville "In account with Annie, Andrew Mischik, either." They were husband and wife. Annie Mischik took the bank book and placed it in a drawer in their home. No money could be withdrawn under the rules of the bank as they appear in the book, without the production of the book. On August 5, 1927, Andrew Mischik borrowed $1,200 from the Pennsylvania Trust Company, giving his judgment note of even date, payable September 5, 1927, therein pledging the savings account and delivering the deposit book and an order or receipt signed by him which authorized the withdrawal of $1,200 from the account.

The treasurer of the trust company telephoned the cashier of the Hooversville bank and gave him notice of his intention to accept the savings account, deposit book and order or receipt as collateral security and was advised by the cashier that the order would be

paid at the expiration of thirty days, as provided by the rules.

Andrew Mischik died August 17, 1927, before the expiration of the time set in the note and his wife, Annie Mischik, claimed the amount in bank. The money was then paid into court and the Pennsylvania Trust Company and Annie Mischik both claimed the fund. The trial judge, the facts being undisputed, directed a verdict in favor of the plaintiff and afterwards entered judgment n. o. v., in favor of the defendant, Annie Mischik.

It is very evident that the account was held by Andrew and Annie Mischik by entireties. Whenever an estate real or personal, vests in two persons who are at the time husband and wife, a tenancy by the entireties arises: Brambarry's Estate, 156 Pa. 628. Where deposits are made in bank, payable to husband and wife, or either, the account is held by entireties and the legal ownership thereof rests in the survivor: Kleinke's Est., 210 Pa. 572; Parry's Est., 188 Pa. 33; Sloan's Estate, 254 Pa. 346. This being so, neither party can sell or assign his or her interest therein, not even the expectancy of survivorship: O'Malley v. O'Malley, 272 Pa. 528. Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment pro tanto of the rights of the other. ''Neither can divest himself or herself of any part without in some way infringing upon the rights of the other'' Biehl v. Martin, 236 Pa. 519; Gasner v. Pierce, 286 Pa. 529. Neither party had the right to go to a third party and pledge the account for his or her individual debt: Roka v. Wilbur Trust Co., 10 D. & C. 94. In the case before us, when the husband assigned his interest in the account to the Pennsylvania Trust Company, he did something that he had no authority to do and his act

did not deprive the wife of the rights incident to survivorship as joint tenant. The case seems to be ruled by the authorities above quoted.

The judgment is affirmed.