Estate of Pete Schultz, Deceased.

Submitted April 23, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*Warren H. Van Kirk,* and with him *Harry J. Applestein,* for appellants.

*C. W. Sypniewski,* and with him *John J. McGrath,* for appellee.—Where the beneficiary of a war risk insurance certificate is the sole heir of the insured who dies intestate, the installments which were not exhausted prior to the beneficiary's death are payable to his estate thereafter: Ogilvie's Estate, 291 Pa. 326; Ryan's Estate, 222 N. Y. S. 891; Storum's Estate, 221 N. Y. S. 771; Deeble's Estate v. Tepper et al., 136 Atl. 536.

516

Pete Schultz, while a soldier in the late war, took out a war risk insurance certificate in the sum of $10,-000, payable in installments at his death to his father, Andrew Schultz, as beneficiary. The soldier died July 25, 1918, intestate, unmarried and without issue, leaving to survive him his father and five brothers and sisters. After the death of the son, the father received the monthly installments until his death on January 31, 1927. The commuted value of the insurance, amounting to $6,931.20, was paid by the government to the administrator of the estate of the soldier, whose account shows a net balance of $5,720.87, which the court below by final decree awarded to the administratrix of the estate of Andrew Schultz, deceased, father and sole heir of the soldier. The five brothers and sisters have severally appealed.

After a careful reading of the record and briefs we have concluded that the following extract from Judge TRIMBLE's opinion so fully demonstrates the correctness of the decree that further discussion by us is unnecessary:

"The question involved here is not new. In Olgilvie's Estate, 291 Pa. 326, it is found that an act of Congress passed in 1925 made a radical change in the distribution of war risk insuranec. Under that act when beneficiaries are not designated by the insured the principal of the insurance fund is payable to a soldier's estate and in construing this act of Congress the Supreme Court said: 'Where the named beneficiary in the certificate dies after surviving the soldier the unmatured installments become a part of the latter's estate as of the date of his death although the time when they will actually be received and the amount thereof is uncertain.' It appears that Pete, the son, died before his father and the insurance fund under the act passed to the estate of the son after the

father's death. This does not mean, as contended by counsel, that the father did not have a vested interest in the principal of the fund. The payments out of the principal were controlled by the Act of Congress which allows certain persons to be named as beneficiaries, but after these are all made the fund passed to the estate of the son as of the date of his death and the father having survived him takes his interest in the son's estate under the intestate laws of the State of Pennsylvania. The son could have changed all this if he had so desired. It was within his power to make a will and divert his estate to others than his father, but he did not do so.

The argument for the next of kin is that the only interest the father had was given to him as beneficiary and his interest therein did not extend beyond his own lifetime. We see no reason why the father could not have disposed of his interest which he received under the intestate laws of Pennsylvania by will at any time after the death of the son. If the son had designated another of the permitted class to receive the installments it would be difficult to conclude that the father never had any interest because he did not live long enough to come into possession. He survived his son and that is sufficient under the laws of Pennsylvania.'' Being a part of the insured's estate and vesting as such at his death, it vests, in the absence of a testamentary disposition, in his then next of kin under the intestate laws.'' (Ogilvie's Estate, supra.)

The decree is affirmed at appellant's cost.