## Mitskus's Estate.

*Edgar Downey,* for Consul General of the Republic of Lithuania at New York City.

WILHELM, P. J., Dec. 16, 1929.—This audit came on to be heard June 3, 1929, pursuant to due notice.

From the evidence we find the following facts:

1. John Mitsgus died on or about Nov. 10, 1918, intestate, unmarried, leaving to survive him Jonas Mitskus and Mary Mitskus, his father and mother. Jonas Mitskus died on or about Jan. 13, 1925, being survived by his wife, Mary Mitskus, who died on or about Feb. 14, 1926.

2. The balance for distribution arises from personal property and amounts to $4572.51, being the proceeds of War Risk Insurance.

3. Exceptions have been taken by the Consul General of the Republic of Lithuania to the payment of counsel fee for this estate in the sum of $750.

The fee bill adopted in this county fixes counsel fees for an estate not exceeding $7500 at $200, and the amount fixed by the fee bill is generally followed as a proper allowance for counsel fees. Under extraordinary circumstances, where an unusual amount of work is involved in the settlement of an estate, a larger amount than that fixed by the fee bill has been allowed, and the practice is, when objection is made to the amount paid for counsel fees, the burden is upon the fiduciary to prove the value of the services of counsel. This was called to the attention of the accountant at the time of the

audit, and no attempt has been made to prove the value of the services; therefore, it becomes our duty to follow the fee bill, and to surcharge the accountant, $550, and in this manner the balance for distribution is increased to $5122.51.

4. The Consul General of Lithuania claims the whole of this estate in his official capacity, because he alleges it is distributable under the intestate laws of Lithuania.

The entire estate consists of the proceeds of War Risk Insurance under a contract made by the decedent with the Federal Government. In this contract the insured designated Bella Mitskus as beneficiary of the insurance, alleging she was his sister. The beneficiary admits that she is not the sister of the insured, but is his cousin, with whom the insured resided before entering the service in the World War in the Army of the United States.

A cousin of an insured is not one of the permitted beneficiaries under the Act of Congress. The insured, no doubt, knowing a cousin was not one of the permitted beneficiaries, attempted to practice a fraud upon the Government by designating the beneficiary as his sister, and courts do not permit any one to be benefited by the practice of fraud; therefore, it follows that the named beneficiary shall not gain advantage by reason of the fact that her name appears in the contract as a beneficiary. If the true kinship between the insured and the beneficiary had been revealed in the application, the policy could not have been issued, because the law would not permit it; and the policy having been procured through fraud, it is of no force and effect, in so far as the named beneficiary is concerned.

It is probable, although not definitely stated, that the insured died in the service; and after his death the Federal Government ignored the named beneficiary and paid to his father and mother, to wit, Jonas and Mary Mitskus, almost half of the amount of the insurance. The father and mother died, the father having predeceased the mother. It follows that the balance due and unpaid upon the policy became the estate of the mother, namely, Mary Mitskus: Schultz's Estate, 96 Pa. Superior Ct. 514.

At the time of her decease Mary Mitskus was a resident and domiciled in the Republic of Lithuania, and the amount due the estate of Mary Mitskus should be paid to the Consul General of Lithuania for the purpose of transmission to the properly constituted authority in Lithuania for the purpose of distribution.

Two papers, which were called Powers of Attorney and alleged to have been signed by the brothers and sisters of the decedent, were offered in evidence. It is unnecessary to give these papers consideration, because, as we view the matter, the brothers and sisters have no standing to claim any portion of this estate at this time, as before indicated. They will have opportunity to present their claims when the estate of Mary Mitskus is adjudicated in the proper forum.

The balance in the hands of the accountant, to wit, $5122.51, is not properly distributable by this court, but should be and is awarded to the Consul General of Lithuania for the purpose of transmission for distribution under the laws of the Republic of Lithuania.

Having examined and audited said account, the same is confirmed absolutely, and the balance in the hands of the accountant, to wit, $5122.51, is awarded to Povilas Zadeikis, Consul General of the Republic of Lithuania at New York, for the purpose of transmission for distribution under the laws of the Republic of Lithuania.

From M. M. Burke, Shenandoah, Pa.