Bernstein et al., Appellant, *v.* Colletris et al.

Argued April 24, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Harold F. Reed,* and with him *Joseph Stadtfeld, Ralph E. Smith* and *Joseph Knox Stone,* for appellant.—A landlord who levies a sufficient distress cannot abandon his proceedings and levy a second distress: Robinson v. White, 39 Pa. 255; King v. Blackmore, 72 Pa. 347.

*Myron E. Rowley* of *Craig & Rowley,* for appellee.
—One tenant in common, who has joined with his cotenants in making a lease has no authority, as a matter of law to bind the others by a waiver of the right to distrain: McKinley v. Peters, 111 Pa. 283; Caveny v. Curtis, 257 Pa. 575.

OPINION BY BALDRIGE, J., July 10, 1930:

This action in replevin was brought to determine the ownership of certain restaurant fixtures.

Colletris, one of the defendants, rented a room in a building, one-half of which was owned by Abraham Joseph, one-fourth by John Joseph, and one-fourth by Sam Joseph. He opened a restaurant in the leased premises and obtained certain fixtures from Bernstein, the plaintiff, under a bailment lease, dated May 19, 1927. On the following November 1, 1927, he leased additional equipment from the plaintiff.

On April 21, 1928, Colletris was six months in arrears in his rent and Abraham Joseph, acting for

himself and his co-tenants, issued a landlord's warrant, and a distraint was made upon the goods in the restaurant. A few days thereafter, Colletris sent word to Bernstein that his store had been closed and Bernstein came to New Castle, and in the presence of Colletris informed Abraham Joseph that he claimed the goods, and said, "I will tell you, take off that levy because I do not want you to sell my fixtures, and I will go back to Pittsburgh, and I will try to get you a buyer so that you can save your rent and I can save mine, as otherwise I will leave the fixtures here until you get a buyer." This distraint was thereupon abandoned.

On May 3, 1928, as no buyer had appeared, the landlords caused another warrant to be issued and distraint was made the same day on all the goods in the restaurant, and thereupon a writ of replevin was issued by the plaintiff. Certain issues of fact involved were submitted to the jury and a verdict was rendered in favor of the plaintiff. Thereafter, judgment was entered n. o. v. for the defendants, which is the subject of the only assignment of error.

The first position taken by the appellant is that if the landlords distrained for six months' rent in arrears and abandoned the distress, they cannot make a second distraint for seven months' rent which was inclusive of the six months in the first warrant. Presumptively, the abandonment of a distress by a landlord is a satisfaction of the rent. This presumption, however, may be rebutted by showing that the writ has not been prosecuted by request of the tenant or the owner of the goods: Quinn v. Wallace, 6 Wharton 452 (463). It clearly appears that the action was not proceeded with owing to the admitted representations of the plaintiff, and the defendants, therefore, were not precluded from the subsequent distraint for the same rent. The tenant was present when the arrangement was made at the instance of the plaintiff not to pursue the writ. He made no objection then, nor does he now. This

plaintiff is not, therefore, in a position to take advantage of a situation resulting from his own suggestion.

The appellant urges further that the defendant, Abraham Joseph, represented himself as the owner of the property, and waived the right to distrain; that after a distraint had actually been made and abandoned as the result of consultation with his joint owners, the defendants recognized his agency and are, therefore, bound by his action. Plaintiff testified that Abraham Joseph said, "I am the owner; whatever I do, I do all the business for them; there is nobody else to see." But there is no evidence that the co-owners either authorized in advance or had knowledge of the signing of the waiver, or that they ratified his action. Proof of his own declarations could not establish his authority as agent: Davidsville First Nat'l Bank v. St. John's Church, 296 Pa. 467; Zavodnick v. A. Rose & Son, 297 Pa. 86.

At the bottom of the last lease, after the signatures of the parties thereto, the defendant, Abraham Joseph, signed a waiver in the following form: "I, for myself, my heirs or assigns, do hereby waive any and all rights to distrain the above mentioned goods for rent. Abraham Joseph, owner of the premises." The last lease contained, inter alia, the following: "Witnesseth, That the said lessor has this day rented the lessee the following goods: No. 3751 Vulcan hot top and all other restaurant equipment." It was contended that the words, "and all other restaurant equipment" were not in the lease when it was originally executed. There was a conflict of testimony on that point and the jury found in plaintiff's favor. We must, therefore, assume that they were embodied in the instrument at the time of its execution. The lower court held that those words referred to the goods only covered by the second bailment lease and, therefore, did not release the goods upon the premises covered by the first bailment lease. We agree with that conclusion.

The object of the contract, as expressed, was to cover the goods "this day rented" and mentioned therein. It, in no way, referred to the fixtures formerly leased, and they, apparently, were not within the contemplation of the parties. This view is given support by the rental of $831.70 which was to be paid. In the former lease there was still due, under the uncontradicted testimony, the sum of $1,250 at the time of the execution of the latter contract. It is quite evident, therefore, that the property intended to be embraced in the second lease did not include that mentioned in the earlier one; otherwise, the value would have been $2,081.70. It follows that there was no waiver by Abraham Joseph of his right to levy on the goods mentioned in the first bailment lease.

The appellee contends that the questions we have been discussing were not properly raised in the lower court, and, therefore, should not be considered in this appeal: Com. v. Dabbierio, 290 Pa. 174. They were not pleaded, nor referred to in the charge of the lower court, but we have concluded to dispose of them on the merits.

This brings us to the next proposition advanced by the appellant: Can one co-owner for a consideration inuring to the benefit of all the owners agree to forego one method of collecting the rent in the future so as to bind the other co-owners? This question is not controlling as we have concluded there was no waiver affecting the goods in the first lease. If we assumed the waiver related to the goods in that lease, it would be unavailing except as to Abraham Joseph. The waiver itself expressly states that Abraham Joseph acted for himself. There are no words used that would indicate that he endeavored to speak for others. Each owner may waive his right to so much of the rent as represents his portion of it: Decoursey v. Guarantee Trust & Safe Deposit Co., 81 Pa. 217 (228); Trickett on Landlord and Tenant, 2d Edition, Section 141. Abra-

ham Joseph, as a joint lessor, was without authority to execute a waiver in their behalf. A joint lessor may receive the entire rent and give a valid receipt therefor until notice by one of the owners that it must be paid to himself (Swint v. McCalmont, 184 Pa. 202; Gasner v. Pierce, 286 Pa. 529), but he cannot bind his co-owners by waiver of any of the terms of the lease without authority so to do: Wally v. Jones, 275 Pa. 250 (254); Penrose v. Coal Co., 289 Pa. 519 (523). A joint tenant cannot make a lease binding upon his co-tenants, nor can he interfere with his co-tenants from enforcing their contractual rights under a common lease (Willis-Winchester Co. v. Clay, 293 Pa. 513 (521); Gasner v. Pierce, supra); nor can he bind his co-tenants by an agreement concerning the use, control, or affecting the title of the owner: McKinley v. Peters, 111 Pa. 283; Caveny v. Curtis, 257 Pa. 575 (580); McCullough's Petition, 275 Pa. 456.

After a careful consideration of all the questions raised by the appellant, we find no reason to differ from the conclusion reached by the learned court below.

Judgment is affirmed at the cost of the appellant.