From William R. Toal, Media, Pa.

## Moore's Estate.

James W. Shull, for exceptant; John C. Motter, contra.

BARNETT, P. J., December 27, 1930.—Lieutenant Edward L. Moore, a soldier of the World War, was killed in action in France on September 20, 1918. He was unmarried and intestate; his surviving next of kin were his father, Dr. Edward E. Moore, and his mother, Clara L. Moore. Prior to his death there had been issued to him, by authority of the Act of Congress of October 6, 1917, 40 Stat. at L. 398, a policy of war risk insurance in the amount of $10,000, effective January 23, 1918, payable in case of death or total permanent disability in monthly instalments of $57.50. The soldier's father, Dr. Edward E. Moore, was named as beneficiary and the monthly instalments were paid to him until his death on March 4, 1930. After his decease the commuted value of the unpaid instalments of the insurance, a net sum of

$5086.40, was paid by the United States Veterans' Bureau to Frances M. Patterson, administratrix of Edward L. Moore, deceased, whose account, confirmed by the court, shows a balance, after deducting expenses of administration, of $4758.40, consisting exclusively of the remainder of the insurance fund. The learned auditor, Luke Baker, Esq., appointed to make distribution of this balance, finding that Clara L. Moore died intestate August 5, 1921, survived by her husband, Dr. Edward E. Moore, and one child, Frances M. Patterson, and that Doctor Moore, having remarried, died March 4, 1930, intestate, survived by his widow, Jessie M. Moore, Frances M. Patterson, daughter by the former wife, and Robert M. Moore and Nancy Ann Moore, children by the second wife, awarded the fund to the administratrices of Dr. Edward E. Moore.

An exception filed by Frances M. Patterson claims that the auditor erred in not awarding one-half of the insurance fund, subject to the monthly payments during the life of the beneficiary, to the estate of Clara L. Moore, and one-half of that amount, or one-fourth of the entire fund now for distribution, to the exceptant as one of the two next of kin of Clara L. Moore, deceased.

Under the Acts of Congress, quoted in and interpreted by Ogilvie's Estate, 291 Pa. 326, Wanzel's Estate, 295 Pa. 419, and Schultz's Estate, 96 Pa. Superior Ct. 514, all cited by the auditor, his award is clearly correct. The insurance fund, "being a part of the insured's estate and vesting as such at his death, it vests, in the absence of a testamentary disposition, in his then next of kin under the intestate laws:" Schultz's Estate, *supra*. Immediately upon the death of Edward L. Moore, title to the insurance fund vested in his next of kin, who were his father, Dr. Edward E. Moore, and his mother, Clara L. Moore, subject to diminution or entire consumption by payments to the beneficiary, who in this case happened to be one of the next of kin. Since the next of kin were husband and wife, they took the fund as an estate by entireties. "A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession:" Bramberry's Estate, 156 Pa. 628, 632; Sloan's Estate, 254 Pa. 346, 349; Gasner *v.* Pierce, 286 Pa. 529, 531; Pennsylvania Trust Co. *v.* Mischik, 96 Pa. Superior Ct. 255, 257. "The right of survivorship of a true tenancy by entireties, which is one of its chief incidents, cannot be destroyed but by the joint act of the two:" Milano *v.* Fayette T. & T. Co., 96 Pa. Superior Ct. 310, 314. Upon the death of Clara L. Moore, nothing having taken place to destroy the tenancy by entireties, by right of survivorship Dr. Edward E. Moore became the sole owner of the fund, and at his death intestate the entire fund must be awarded to his administratrices. In Wanzel's Estate, *supra*, it is held that war risk insurance is not subject to direct inheritance tax because the "right to take . . . is by virtue of a contract . . . and does not arise by reason of the statutes of descent and distribution . . ;" that "The fact that the United States Government has taken advantage of the statutes of descent and distribution of the state [of the residence of the soldier] to determine who shall receive the funds" makes such fund none the less a payment directly by the United States to such beneficiaries. We are here concerned, however, not in any sense with the nature of the fund, but only with the method of distribution which the law under which the fund originated provides. That method was followed by the auditor.

And now, December 27, 1930, the exception is dismissed, and the auditor's report is confirmed absolutely. The costs to be paid by the estate.

From J. N. Keller, Mifflintown, Pa.