Fish et ux. *v.* Kaye, Appellant.

50

Argued December 15, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, and Rhodes, JJ.

*Charles E. Cullen,* of *Cullen & Hendrie,* for appellant.

*James W. Mills,* of *Mills & O'Connor,* for appellees.

Opinion by Keller, P. J., January 31, 1939:

Harry S. Fish and Ruth E. Fish, his wife, who were owners as tenants by the entirety of a dwelling house, No. 710 West Lockhart Street, Sayre, Pennsylvania, rented it by a lease under seal, dated March 3, 1936, to Sanford Z. Kaye for the term of one year, beginning April 1, 1936, at a rental of $1800, payable monthly in advance. The lease was signed by both lessors and by the lessee, and contained clauses accelerating the payment of the rent under certain conditions and confessing judgment against the lessee in favor of the lessors for the rent for the full term of the lease.

The lessee moved into the house two weeks ahead of

April 1, 1936, the lessors vacating it and going to live in a dwelling owned by Mr. Fish's sisters, who, in turn, moved into an apartment.

On October 1, 1936 Kaye moved out of the house and refused thereafter to pay the monthly rent reserved in the lease. On November 27, 1936 the lessors entered up the confession of judgment by the lessee contained in the lease, to No. 273 December Term 1936, for $900 and issued a writ of fieri facias thereon.

Thereafter the defendant in said judgment filed a petition to have the judgment opened, alleging that on September 5, 1936, being desirous of purchasing a home in Athens Boro, he had conferred with Harry S. Fish, one of the plaintiffs, for the purpose of determining what settlement if any could be made in satisfaction for the remainder of the rent to be paid under the terms of said lease, and that said Harry S. Fish had then agreed to accept the surrender of said premises and of the lease aforesaid in return for the agreement of the said defendant Kaye to pay such an amount as the sisters of said Harry S. Fish would be required to pay their landlord on surrender of their apartment, not exceeding $210.

A rule was granted, and separate answers were filed by the plaintiffs: The said Harry S. Fish, in his answer, denied the averments contained in the petition to open and averred that his interview with the defendant took place between October 10 and October 15, 1936, that he had never agreed to accept the surrender of the lease, except upon payment of the full rent payable, and that on October 23, 1936, he so notified the defendant by letter, copy of which was attached; and the said Ruth E. Fish, in her answer, denied any surrender of the lease to her, or any acceptance thereof by her, and denied that her husband had authority to accept a surrender of it for her.

Testimony was taken and argument had upon the

rule, and on December 13, 1937 the rule was discharged. Defendant appealed. The order will be affirmed.

To warrant the opening of the judgment it was necessary for the defendant to prove not only that he had surrendered the lease to the plaintiffs, but also that they accepted the surrender. The burden of proof was on the defendant *(Auer v. Penn,* 99 Pa. 370, 375; *Ralph v. Deiley,* 293 Pa. 90, 94, 95, 141 A. 640; *Lipper v. Bouvé, Crawford & Co.,* 6 Pa. Superior Ct. 452, 456; *Smucker v. Grinberg,* 27 Pa. Superior Ct. 531, 536); and the proof requisite to establish the acceptance had to be clear and explicit: *Finif v. Gearing,* 106 Pa. Superior Ct. 419, 424, 162 A. 325; *Rohbock v. McCargo,* 6 Pa. Superior Ct. 134, 140, 142. See also *Breuckmann v. Twibill,* 89 Pa. 58; *Spencer v. Colt,* 89 Pa. 314. The court was not required to open the judgment on the uncorroborated evidence of the defendant: *Kline v. Fitzgerald Bros.,* 267 Pa. 468, 473, 110 A. 348; *Juniata Building & Loan Assn. v. Hetzel,* 103 Pa. 507, 514.

The record in this case is barren of any evidence corroborating the defendant as to an acceptance by Dr. Fish of a surrender of the lease. The testimony of Leon Shedden that on September 5, 1936 Mr. Kaye went to Dr. Fish's office to see him, did not corroborate Mr. Kaye's testimony as to a surrender of the lease by him on that date and Dr. Fish's acceptance of it. He did not go with Kaye into Dr. Fish's office nor hear any of the conversation between them. Even if Kaye and Fish had their first conversation relative to a surrender of the lease on September 5, 1936, instead of October 10 or October 15, that would not lend support to defendant's evidence that Fish had agreed to accept a surrender of the lease for less than the full rental reserved. But, as pointed out by the court below, very much reliance cannot be placed on Shedden's memory as to the date, for he admitted that in a few days after the interview between Kaye and Fish, of which he had testified, the latter requested him to inform Kaye that he would

not release him from the remainder of the rent, and all parties agree that the definite refusal to accept a surrender of the lease was not given until October 23, 1936.

The defendant's evidence in support of his averment of a surrender of the lease and its acceptance by Dr. Fish did not measure up to the burden of proof resting on him, as above set forth.

In this view of the case we are not obliged to consider whether one of two owners of land, held by them by the entirety, can accept the surrender of a lease under seal, signed by them both as landlords, and release the tenant from his obligations thereunder without authority from the other to do so. While either husband or wife is authorized to receive the rent as it accrues and give an acquittance for the money so paid (*Gasner v. Pierce*, 286 Pa. 529, 134 A. 494; *O'Malley v. O'Malley*, 272 Pa. 528, 533, 116 A. 500; *Bernstein v. Colletris*, 99 Pa. Superior Ct. 484, 490), the decisions declaring that right do not rule that one tenant by the entirety has the right to release and discharge a lease under seal, executed by them both as landlords, or accept its surrender without payment of the rent reserved, unless authorized to do so by the other spouse. See *Magee v. Morton B. & L. Assn.*, 103 Pa. Superior Ct. 331, 158 A. 647; *Bernstein v. Colletris*, supra, p. 490; *Penna. Trust Co. v. Mischik*, 96 Pa. Superior Ct. 255, 257; *Milano v. Fayette T. & T. Co.*, 96 Pa. Superior Ct. 310, 315; *Schroeder v. Gulf Refining Co. (No. 1)*, 300 Pa. 397, 404, 150 A. 663; *Wally v. Jones*, 275 Pa. 250, 254, 119 A. 75; *Penrose v. Coal Co.*, 289 Pa. 519, 523, 137 A. 670.

The order is affirmed at the costs of the appellant.