## Halberg et ux. v. Dinardo et ux.

*John H. Cartwright*, for plaintiffs.

*E. J. Blatt*, for defendants.

HIPPLE, P. J., April 10, 1939.—This is an action of replevin to recover possession of certain articles of personal property taken by defendants upon a landlord's

warrant issued by defendants to distrain the goods of plaintiffs for alleged arrearages in rent.

The case was heard by the court, sitting without a jury under the Act of April 22, 1874, P. L. 109, and from the pleadings, the evidence, and the admissions of counsel at the time of the hearing the court finds as follows:

### Findings of fact

1. By lease dated May 22, 1936, defendants leased to plaintiffs certain premises in Ridgway Township, Elk County, Pa., for the term of one year commencing June 1, 1936, and ending May 31, 1937, at an annual rental of $180, and plaintiffs took possession thereof under the terms of said lease.

2. Said lease contained the following provision with relation to renewal thereof, "Reserving unto said lessees, [plaintiffs] their heirs and assigns, the right to renew this lease at the expiration thereof from year to year for a further period of five (5) years, at a monthly rental of $25 per month, payable monthly in advance."

3. Said lease contained the further provision that the lessors (defendants) should supply an air system for automobiles and gas fixtures "as now installed", and in addition should furnish sufficient finished lumber to cover at least one half of the second floor of the building erected upon the demised premises, the balance of said flooring, together with the labor and laying of same, to be furnished by the lessees (plaintiffs).

4. Upon the expiration of the original term of said lease on May 31, 1937, plaintiffs continued in possession of the premises without having notified defendants of their intention to exercise their right to renew the lease according to the terms thereof.

Plaintiffs refused to pay the sum of $25 monthly rental for the renewal period, alleging that defendants had failed to supply the air system for automobiles, the premises being used as a gasoline filling station.

5. After some negotiations between the parties, defendants agreed to accept $15 monthly as rental upon condition that plaintiffs would waive the provision in the original lease requiring defendants to install the air system for automobiles, and on August 10, 1937, plaintiffs paid to defendants the sum of $15 as rental for the month of June 1937.

6. On September 2, 1937, defendants issued a landlord's warrant for the sum of $85, being rental for the months of June, July, August, and September, at $25 per month, less $15 paid by plaintiffs on August 10, 1937.

7. The landlord's warrant issued September 2, 1937, was delivered to Walter Miles, constable, who in pursuance thereof made a levy upon the personal property of plaintiffs situated upon the demised premises.

8. On the sixth day following the levy made by the constable in pursuance of said landlord's warrant and notice thereof to plaintiffs, no action in replevin having been taken by plaintiffs, the constable requested plaintiffs to waive the appraisement of the goods so. levied upon, which plaintiffs refused to do, Mrs. Halberg stating that "she would waive nothing".

9. By reason thereof, the constable did not make the appraisement, and the landlord's warrant was abandoned.

10. On September 13, 1937, defendants caused a second landlord's warrant to be issued in the sum of $85, delivered the same to Walter Miles, constable, who levied upon the personal property on the demised premises, and after expiration of five days caused an appraisement to be made by two appraisers, who valued the personal property levied upon at $100.50. Following such appraisement the personal property so levied upon was duly advertised for sale.

On the day designated for the sale of the personal property levied upon the constable demanded a bond from defendants. No bond having been prepared or executed

the sale was adjourned by the constable until the following day.

On the following day the attorney for defendants communicated with the constable and directed him to remove the sale bills. No further proceedings were had by virtue of the second landlord's warrant.

11. On October 22, 1937, defendants caused a third landlord's warrant to be issued to Walter Miles, constable, for the sum of $60, representing rental for the months of July, August, September, and October, 1937, at $15 monthly. By virtue of this warrant the constable levied upon the following personal property upon the demised premises, viz.: 1 bar and fixtures; 12 tables; 50 chairs; 1 coal heating-stove; 1 radiola; 1 piano; 1 lot of light fixtures; 1 electric sewing-machine; 1 icebox; 2 library tables; 2 parlor chairs; 2 rocking chairs; and 2 rugs.

12. On October 6, 1937, and within five days after the levy upon the third landlord's warrant, plaintiffs caused a writ of replevin to be issued out of the Court of Common Pleas of Elk County, to the above number and term, and filed a replevin bond. Subsequently a declaration in replevin was filed by plaintiffs to which defendants filed an affidavit of defense in the nature of an avowry, or cognizance.

### Discussion

The Act of March 21, 1772, 1 Sm. L. 370, sec. 1, 68 PS §291, does not provide or require that an appraisement of goods and chattels levied upon by virtue of a landlord's warrant should be made upon the sixth day following the levy and notice thereof to the tenant. It does provide that no appraisement can be made "until five (5) days next after such distress taken and notice thereof", the five-day period being that in which the tenant is given the opportunity to issue a writ of replevin.

If no writ of replevin is issued, the failure to make an appraisement upon the sixth day after the levy does not invalidate the levy.

In Singer Sewing Machine Co. v. Peluso et al., 22 Dist. R. 1068, in which this precise question was raised, it was held in an opinion by Frazer, P. J.:

"We find nothing in the act of assembly that requires an appraisement to be made on the sixth day after a distraint is made. While the officer should act promptly and make the appraisement without unnecessary delay, an appraisement made after five days is not necessarily too late. Probably if an appraisement can be made on the sixth day it would be advisable to do so, but we see no reason why an appraisement made on a later day and within a reasonable time should invalidate the levy."

We concur in this reasoning, and hold that the failure of the constable to make an appraisement on the sixth day following the levy under the first landlord's warrant did not invalidate the levy, and, therefore, that the failure of the officer to have an appraisement made, as the agent of the defendants, amounted to an abandonment of the distress.

If the failure to have the appraisement made, following the first levy, could be excused because of a mistake or misunderstanding on the part of the constable as to the necessity for having the appraisement made on the sixth day following the levy, and, therefore, defendants had the right to issue the second landlord's warrant which was done on September 13, 1937, the proceedings taken upon the second landlord's warrant clearly show a voluntary abandonment thereof by defendants without the consent or request of plaintiffs. The proceedings upon the second landlord's warrant, assuming it to have been valid, were regular, the goods were duly levied upon, the appraisement was duly made after the expiration of five days, and the sale was duly advertised after six days' public notice.

On the date fixed for the sale the constable demanded an indemnifying bond which was not forthcoming, whereupon the sale was continued to the following day. At that time counsel for defendants directed the constable

to withdraw the distress, and counsel frankly admitted during the taking of testimony that he had directed the constable to withdraw the distress.

Even if the first distress should be held not to have been voluntarily abandoned, the second distress of September 13, 1937, was voluntarily abandoned by the landlord, without the request or consent of plaintiffs.

In our opinion this case is ruled by the cases of Quinn v. Wallace et al., 6 Whart. 452, and Bernstein et al. v. Colletris et al., 99 Pa. Superior Ct. 484, which hold that it is unlawful for a landlord to make a second distress of the tenant's goods for the same rent without some necessity or good cause for it; that the presumption is that sufficient goods were levied upon in the first distress, and while such presumption may be rebutted, the burden rests upon the landlord to repel the presumption by evidence and show some justifiable cause for resorting to a second distress.

This presumption may be rebutted by showing that the writ has not been prosecuted by request of the tenant or the owner of the goods.

There is no such evidence in this case, or anything to overcome the evidence of the abandonment by defendants of both the first and second distraints without justifiable cause.

The same question arose in Pfeiffer v. Schubmehl et al., 7 Del. Co. 575. A landlord's warrant was issued on May 27, 1927, and through a mistake the appraisement was made on May 31, 1927. Thereupon the landlord, instead of making the appraisement at the expiration of five days, abandoned the proceedings, issued a new landlord's warrant, making a levy on the same goods and for the same rent.

It was found as a fact that the second landlord's warrant was abandoned at the suggestion and for the benefit of the tenant. Later, a third warrant was issued which resulted in a sale. There was no question as to the regu-

larity of the proceedings under the third warrant, nor as to the amount of rent due.

The tenant brought an action of trespass against the landlord and the constable who executed the warrant. The court held that even though the second landlord's warrant was abandoned at the suggestion and for the benefit of the tenant, defendants were guilty of trespass in levying the second distress on the same goods and for the same rent for no other reason than that the appraisement on the first landlord's warrant was held on the wrong day and that after making one sufficient distress the landlord is bound to proceed to the end. "He cannot abandon it and begin a new one. If he can do this once, he can do it twenty times."

The difficulty seems to have arisen over the dispute between the parties as to the amount of rental to be paid and whether or not the lease had in fact been renewed by reason of the holding over of the demised premises by plaintiffs. That, however, is not sufficient reason to excuse defendants from failing to proceed to a conclusion upon the first landlord's warrant. No writ of replevin had been issued by plaintiffs in that proceeding and there was nothing to prevent the appraisement being made and a sale being held. Therefore, the court finds the following conclusions of law to which it is impelled by the evidence and the facts found thereunder.

### Conclusions of law

1. The landlord's warrant issued by defendants on September 2, 1937, was voluntarily, and in point of law abandoned by defendants, and therefore defendants had no right to issue subsequent landlord's warrants for the same rental and to levy upon the same personal property.

2. There was no warrant in law for the issuance of the landlord's warrant on October 22, 1937, and the proceedings thereunder are illegal.

3. Plaintiffs are entitled to judgment in this action, and therefore the following decree is entered.

*Decree*

And now, April 10, 1939, judgment is hereby directed to be entered in the above-stated cause in favor of plaintiffs and against defendants for the goods described in the writ of replevin issued herein, together with costs of suit.