## Harrison *v.* Watkins for Use, Appellant.

Argued November 23, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Maurice A. Granatoor*, and with him *Abraham J. Levinson*, for appellant.

*Albert M. Cohen*, for appellee.

OPINION BY BALDRIGE, J., February 1, 1934:

Herman M. Watkins secured a judgment against Edith Mae Cardamone, under which he issued an attachment, summoning the Chelten Title and Trust Company as garnishee. The court below, on petition of the garnishee, authorized it to pay the funds attached into court; and ordered that an issue be framed to determine the right thereto, in which Joseph Harrison, the claimant of the fund, was made plaintiff, and Herman M. Watkins, for use of Misha M. Watkins, the assignee of the judgment, defendant.

The Chelten Title and Trust Company consented to lend Edith M. Cardamone a certain sum of money, to

be secured by a mortgage. The amount agreed to be loaned was not sufficient to pay the then existing encumbrances on the property to be mortgaged, and it became necessary for her to deposit additional funds to complete the settlement. It was admitted in the pleadings that Harrison deposited with the Chelten Title and Trust Company his check in the sum of $489.10 to effect the settlement, which was to have been made on April 21, 1931. On April 18th, the trust company was notified by the appellant's attorney of the existence of her judgment. As the money in the trust company's hands was insufficient to pay this additional lien, the settlement was not consummated. Harrison thereupon demanded the return of his money. The funds were not credited to Edith M. Cardamone, nor were they subject to her disposition or control. Mr. Brenner, assistant title officer of the trust company, said that they were not credited to any particular individual, but to a settlement account identified by a number. Mr. Green, an employee of the trust company, who apparently had knowledge of the transaction, testified, without an objection, that the deposit slip was in the name of Harrison and that the funds were credited to him. The prima facie presumption is that a fund thus deposited belongs to the person in whose name it has been credited: Egbert v. Payne, 99 Pa. 239; Qualter's Est., 147 Pa. 124, 23 A. 348. The defendant chose not to attempt a contradiction of this testimony.

The appellant complained, also, of the sustaining of an objection to a hypothetical question asked Mr. Green as to the practice of the trust company's returning money to parties depositing it if settlement was not completed. The question as framed did not accurately state or sufficiently embrace the facts adduced in this case. The court, therefore, very properly sustained the objection.

The trial judge found as a fact on sufficient competent evidence "that the funds deposited by Harrison were his property and that at no time did the title pass from him." That disposed of the issues of fact. We find no reason advanced that warrants a disturbance of his finding.

Judgment is affirmed.