Rosa Caban, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, June 5, 1981, to Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Beverly L. Diego,* for petitioner.

*Jason W. Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 9, 1981:

Rosa Caban was receiving food stamps and public assistance for herself and her daughter when the Department of Public Welfare (DPW) discovered that there was $2,232.21 on deposit in a savings account in her name in a Philadelphia bank. This amount exceeded the resource limitation for assistance fixed by DPW regulations for Ms. Caban's household and her County Assistance Office notified her that her assistance and food stamps were to be terminated. Ms. Caban withdrew the money from the account. She then told her caseworker that the money was not hers but belonged to a Mr. Acevedo. She brought Mr. Acevedo to her caseworker and both assured the caseworker that the money which had been in the savings account was Mr. Acevedo's. The caseworker apparently did not credit this assertion.

Ms. Caban appealed DPW's decision to terminate her assistance and a fair hearing was conducted before a DPW Hearing Examiner at which Ms. Caban and Mr. Acevedo testified, the latter to the effect (and as here quoted from Ms. Caban's brief) that

he [gave] the money to Ms. Caban, to be used upon their getting married. However, he misled Ms. Caban into believing that he would marry her because at the time he was already married in Puerto Rico. He stated that he had given the money to her in cash, but when she opened the

account he was not in Philadelphia, he was in Puerto Rico.

The Hearing Examiner upheld the DPW's determination action and the Director of the Office of Hearings and Appeals affirmed.

A DPW regulation at 55 Pa. Code §125.24(c)(6) provides:

> If the client does not understand or accept the requirements or methods of the agency, the worker will carefully consider with the client his reasons, in order to prevent him from deciding unnecessarily or unwisely to withdraw from the program when he is or may be eligible, to discharge the responsibility of the agency for evaluating whether facts had previously been presented correctly, fairly, and in a helping way, and to explain further, if necessary. If the applicant wants time to make up his mind, the worker will discuss with him the length of time he wants and a time limit will be set because an application may not be kept pending indefinitely. In the meantime, the worker will take no further steps to establish eligibility.

Apparently by divination, Ms. Caban finds in this, to us largely inscrutable, regulation the imposition upon Ms. Caban's caseworker of a duty to describe the "type of evidence needed to establish eligibility," in which it is asserted, the caseworker failed. Ms. Caban has not described, and we have been unable to conjure, what evidence she might have produced and which might be available, other than Mr. Acevedo's claim, which would show that the funds were not hers; so that this point is wholly ineffective.

Ms. Caban's other contention is that there is not sufficient evidence supporting the finding that the money on deposit in her name was hers and not Mr. Acevedo's. She overlooks the presumption that title

to a deposit is in the person in whose name it was made. Hence, where a husband permits his money to be deposited in a bank in his wife's name, the presumption is that the husband intended the deposit as a gift to her and her right to the money will not be defeated by his leaving a will containing a legacy without an estate to pay it. *Klenke's Estate,* 210 Pa. 572, 60 A. 166 (1905). Indeed, Mr. Acevedo testified that he in fact gave the money to Ms. Caban. That, as he also said, it was for use "when they were married" would, if believed, do no more than suggest a special purpose, which does not necessarily change the rule that money is presumed to belong to the person in whose name it is permitted to be deposited. *Harrison v. Watkins,* 112 Pa. Superior Ct. 87, 170 A. 454 (1934).

The fact of deposit in Ms. Caban's name provided ample evidence supporting the conclusion that it was her money. The Hearing Examiner rejected Ms. Caban's evidence offered in rebuttal of the presumption; and this was his province.

Order affirmed.

ORDER

AND Now, this 9th day of July, 1981, the order of the Hearing Examiner for the Department of Public Welfare denying the appeal of Rosa Caban is affirmed.