## Deutscher Estate

*Herbert W. Salus Jr.* and *William H. Tobolsky,* for Florence Deutscher.

*Richard I. Torpey,* for the estate.

TAXIS, *S.J.,* March 18, 1991—The issue before this court is whether Florence Deutscher, the surviving spouse of the deceased, Fred Deutscher, is permitted to revoke her initial election to take against her husband's will some five years after her original election. The petition to revoke is granted.

The record reflects that Fred Deutscher died testate on February 15, 1985. He was survived by his wife, Florence Deutscher, his daughter, Bari Deutscher Amadio, and grandchildren from a previous marriage. Mr. Deutscher executed his will and first codicil on February 4, 1985 and a second codicil on February 13, 1985. Probate was on April 25, 1985, and letters testamentary were granted the same day. Bari Amadio was appointed executrix of the estate. She filed an inventory and appraisement on October 16, 1985. A first and final account containing amendments to the original inventory and appraisement was filed on November 4, 1987. A petition for adjudication was filed on December 1, 1987. The gross estate asset value was $775,277.60. Combined principal and income on hand as of the filing of the account was $66,127.30.

An election to take against the will must be filed within six months of the decedent's death or before the expiration of six months after the date of probate, whichever is later. 20 Pa.C.S. §2210 (1982). Florence Deutscher petitioned the court in October 1985, requesting an extension for the surviving spouse's right to elect against the will and conveyances of the decedent. The petition stated that a decision regarding election was imprudent as the executrix had failed to provide Mrs. Deutscher with

certain appraisals and evaluations and a listing of the total assets of the estate. The court granted the extension. On December 19, 1985, 10 months after the decedent's death, Florence Deutscher signed and filed an election not to take under the decedent's will. The election was provisional pending full receipt of asset disclosure.

At the time Florence Deutscher exercised her option to elect against the will, an estate accounting had not been filed. The first and final account and petition for adjudication were submitted on November 4, 1987, covering transactions from February 15, 1985 to September 30, 1987. Objections were immediately filed on behalf of Florence Deutscher in December 1987. A supplemental schedule of transactions covering the period from September 30, 1987 to December 1990 was filed with this court on December 5, 1990. The gross estate was listed at $106,611.61. Combined principal and income was $43,224.10. Objections were filed on behalf of Florence Deutscher on December 10, 1990. It was not until the eve of trial, December 4, 1990, some five years after the original filing of the election and subsequent to the filing of the accounting, that Florence Deutscher petitioned this court to revoke her election to take against the will. Counsel submitted briefs on this issue. Oral argument was heard before the Orphans' Court on February 27, 1991.

A court might preclude a surviving spouse from revoking an election to take against the will to prevent excessive delay, to attain finality in proceedings, to quiet title, to prevent fraud, to avoid apathy of the complainant, and/or to avoid greater injury to others who are innocently misled. *Boileau's Estate*, 201 Pa. 493, 494, 51 Atl. 338, 338 (1902).

It is the estate's position that Florence Deutscher should be bound by her election to take against the will. She exercised this right with full knowledge of the consequences. She appeared to be of sound mind at the time of election. She was unable to demonstrate that she was the victim of fraud or deceit in her election. She was repeatedly informed by counsel for the estate that an election against the will was monetarily imprudent. Nevertheless, Mrs. Deutscher stood firm behind her position until the eve of trial. The estate contends that the petition to revoke is untimely and therefore barred by the doctrine of laches.

Unfortunately, the statutory provisions do not provide a time limit within which to file a petition to revoke election against the will. The Orphans' Court Rules are also silent. Therefore, the court must rely on existing case law.

Counsel for the estate cited several Pennsylvania Supreme Court cases to support its position. However, these cases must be distinguished from the pending case before this court. Many deal with the opposite situation, that is, the surviving spouse is attempting to elect against the will after having previously elected under the will. Statutory provisions provide a time limit. Many cases involve the situation where the surviving spouse serves as executrix. As executrix, the surviving spouse possesses full knowledge and information regarding the estate assets and their respective valuations. Mrs. Deutscher, on the other hand, was dependent upon the executrix for such information. Her decision to elect against the will was procured months after her husband's death at which time she was not possessed of an accurate and complete accounting of the estate. Many cases deal with situations where the surviving spouse had received specific bequests

and/or devises under the will prior to filing a petition to elect against the will. The surviving spouses, by their actions, manifested a full intent to elect under the will. There has been no distribution of Frederic Deutscher's estate assets. Finally, many cases entail periods of delay far in excess of five years. *Bradfords v. Kents,* 43 Pa. 474 (1862); *Boileau's Estate, supra; Johnson's Estate,* 244 Pa. 600, 90 Atl. 923 (1914); and *Daub's Estate,* 305 Pa. 446, 157 Atl. 908 (1931).

A determination of what constitutes undue delay in petitioning to revoke election against the will is complicated. It is the estate's position that the doctrine of laches bars Mrs. Deutscher's request to elect against the will. Two elements must be proven for the doctrine of laches to apply. There must be undue delay, and the undue delay must severely prejudice the other side. The test is essentially a factual one. For undue delay to exist, the party charged is deemed to have discovered those facts which were discoverable through the exercise of reasonable diligence. For prejudice to exist, there must be some changed condition of the parties which occurs during the period of, and in reliance on, the delay. *Sprague v. Casey,* 520 Pa. 38, 45-6, 550 A.2d 184, 188 (1988).

Florence Deutscher did not exercise undue delay. Her decision to elect against the will was procured months following her husband's death. She based her decision on the information provided to her by the executrix. This information was limited to an inventory and appraisement. Mrs. Deutscher was unable to make a full and informed decision at the time as the accounting had not been filed. She filed a tentative election. A final election was never filed with the court. This court is of the opinion that Mrs. Deutscher's "statute of limitations" regarding her

election against the will should not have begun to run until the filing of the account in November 1987.

The courts have decided that the executor of an estate owes a duty to the surviving spouse to disclose to her the value of the assets of the estate and the value which she would receive under the alternatives available to her. *Martin Estate,* 3 Pa. Fiduc. 2d 356, 357 (1983).

The record indicates that Florence Deutscher felt compelled to file for an extension to the election to take under or against the will due to insufficient information. At the time the election was procured, no estate accounting had been filed. The court in *Krieser's Appeal,* 69 Pa. 194, 200 (1871) stated:

"The general rule is that the party is not bound to make an election until all the circumstances are known, and the state, condition and value of the funds are clearly ascertained; for until that is known it is impossible to make a discriminating and deliberate choice, such as ought to be binding in reason and justice. To bind the widow, she must have full knowledge of the facts." (See *McCauley Estate,* 3 Pa. Fiduc. 2d 433 (1983), where the court granted a petition to revoke an election to take against the will. The widow was without vital information. Without such information, she was unable to make an intelligent choice regarding the election.)´

After a careful examination of the record and testimony, there is no indication that the estate will be prejudiced by this court's decision to grant Mrs. Deutscher's petition. The record reflects that as late as March 1990, counsel for the estate continued to encourage Florence Deutscher to exercise her right of election under the will. The record reflects that all interested parties, witnesses and pertinent documents are available. Severe prejudice usually involves instances where there has been a destruction

of vital information. *Daub's Estate,* 305 Pa. 446, 454, 157 Atl. 908, 911 (1931).

The *McCauley* court, *supra,* provides insight into the responsibility and function of the Orphans' Court. Irrespective of any legislation, the Orphans' Court possesses an inherent discretionary power to correct its own records in the interests of justice, even to protect parties from the effect of their own mistakes and blunders. *Id.* at 435; *Sloan's Estate,* 254 Pa. 346, 350, 98 Atl. 966, 967 (1916); *Dudek Estate,* 30 Pa. Fiduc. 359 (1980). The Orphans' Court has the power to grant the revocation in the case at hand in the interests of justice. Florence Deutscher's decision to elect against the will was an unintelligent choice. Although there is no indication that there was intentional deception of the widow, her decision, absent full information of the estate, was not the result of a judicious and discriminatory choice. *Martin Estate, supra* at 357. The court should not foster anything less than an act intelligently done. *Estate of Woodburn,* 138 Pa. 606, 614, 21 Atl. 16, 17 (1891).

In the interests of justice, consideration should be given to the testator's intent. By allowing Florence Deutscher to elect under the will, no interested party stands to be severely prejudiced. The testator's estate plan will be preserved; the specific bequests and devises will flow to those designated by the testator; and Florence Deutscher will be entitled to a greater share of the estate proceeds.

The issue before the court is both a complicated and delicate one. The facts of this case present the classic scenario of the animosity that often surfaces between stepparents and stepchildren upon the death of loved ones. It is the court's responsibility to remain a neutral party, to set aside all personal and emotional differences between the parties, and to

issue an adjudication that is in accord with the law and the testator's intent. In this light, the court grants petitioner's request to revoke her election against the will.

Pursuant to this adjudication, the court wishes to convene with counsel to determine, what issues, if any, require further adjudication. It is hereby so ordered.